In the matter of the petition of the LACKAWANNA IRON AND COAL COMPANY.

A and his wife conveyed their farm to B, the husband of their granddaughter, in consideration of B's agreement, secured by B's bond and mortgage on the premises, to pay A an annuity of $250, on the 1st day of April, for his life, and if A's wife survived him to pay her an annuity of $200 for her life. A's wife outlived him, and afterwards died on September 19th, 1881.— *Held*, that her annuity, having been evidently given for her support, was apportionable.

---

*Messrs. J. G. Shipman & Son*, for the petitioners.

THE CHANCELLOR.

The question presented by the petition is whether a certain annuity is, under the circumstances, apportionable. The facts are that John Stinson and his wife conveyed his farm to Nelson

Vliet, the husband of their granddaughter, in consideration· of an agreement on the part of the grantee (the performance of which was secured by his bond and mortgage of the property), to pay to Stinson $250 yearly, on the 1st day of April, during the lifetime of Stinson, and if Stinson's wife should survive him, to pay, or cause to be paid, to her, yearly, the sum of $200, during the term of her natural life. Mrs. Stinson outlived her husband. Her annuity being in arrear, she filed her bill in this court to foreclose the mortgage. There were subsequent encumbrances, and there was a decree that the farm be sold " subject to the annuity of $200 per year, to be paid to the complainant, Eleanor Stinson, on the 1st day of April of each year thereafter, during the term of her natural life," and it was sold accordingly. The petitioners are the owners of the property by conveyance from the purchasers at the sheriff's sale. Mrs. Stinson died September 19th, 1881. The annuity to her was paid up to April 1st in that year, and the question presented is whether her personal representative is entitled to a proportionate part of the annuity for the period between that day and the day of her death, or, in other words, whether the annuity is apportionable. There is no doubt that the general rule is that where an annuity is payable on a fixed day during life, and the annuitant dies before the day, his representative is not entitled to a proportionate part of the annuity for the time which has elapsed since the last day of payment. Interest due on a bond and mortgage was always apportionable on the ground that it accrued from day to day. *2 Spence's Eq. Jur. 578.* But the rule as to annuities has established exceptions in the case where an annuity is given for

Note.—Ordinarily, annuities are not apportionable, *Smyth, ex parte, 1 Swanst. 349, note ; Price v. Williams, Cro. Eliz. 380 ; Reg. v. Treasury Comm'rs, 16 Q. B. 357 ; Leathley v. Trench, 8 Irish Ch. 401 ; Ausman v. Montgomery, 8 U. C. C. P. 364 ; Thacker's Trusts, 28 L. T. (N. S.) 56 ; Franks v. Noble, 12 Ves. 484 ; Tracy v. Strong, 2 Conn. 659 ; Heizer v. Heizer, 71 Ind. 526 ; Wiggin v. Swett, 6 Metc. 194 ; Manning v. Randolph, 1 South. 144 ; Irving v. Rankine, 13 Hun 147, 79 N. Y. 636 ; Stewart v. Swaim, 13 Phila. 185 ;* except where given for the maintenance of infants, *Hay v. Palmer, 2 P. Wms. 501 ; Dexter v. Phillips, 121 Mass. 180 ; Weston v. Weston, 125 Mass. 268 ;* see *Ellerbe v. Ellerbe, Spear's Ch. 329 ;* or a wife, living separate, *Howell v. Han-*

maintenance of a wife living separate from her husband, or for the support of minor children. *1 Story's Eq. Jur.* § *480; Wms. on Exrs. 835.* And the exception has been extended to the apportionment of the income of a fund belonging to a charitable corporation having for its object the support of poor persons. *Atty.-Gen.* v. *Smythies, 16 Beav. 385.* And also where an annuity has been given in lieu of dower. *Gheen* v. *Osborn, 17 S. & R. 171; Blight* v. *Blight, 51 Pa. St. 420.* And where ground rents were devised to a widow with remainder over. *Smith* v. *Wistar, 5 Phila. 145.* And where the dividends of bank stock were given to husband and wife, and the survivor, for life, with remainder over. *Rutledge* v. *Rutledge, Harp. Eq. 65.* Here it may be remarked, no day was fixed in the bond for the payment of the annuity to Mrs. Stinson, but it was payable yearly. It does not appear when Mr. Stinson died. A day was fixed in the decree in the foreclosure suit, but that was the act of this court, and will not injuriously affect her rights in the matter. *Webb* v. *Lord Shaftesbury, 11 Ves. 361.* The conveyance in consideration of which the agreement to pay the annuity was made, was evidently a family arrangement, and the only consideration of the conveyance of the farm to Mr. Vliet was the agreement to pay the annuities. It would seem, too, that the object of Stinson in making the arrangement, was to secure the payment of the annuity to himself for life, and to his wife in case she should survive, for their support. She joined in the conveyance to bar her dower, and part of the consideration of her release was the agreement to pay the annuity to her for her life, in case she should outlive her husband. The principle of the cases which constitute the exceptions to the general rule, is applicable here.

*forth, 2 W. Bl. 1016; Sweigart* v. *Frey, 8 S. & R. 299; Fisher* v. *Fisher, 5 Pa. L. J. Rep. 178;* but not where living with her husband, *Anderson* v. *Dwyer, 1 Sch. & Lef. 301.*

If the annuitant lives until the morning of the day whereon the annuity is payable, his representatives are entitled thereto, although not demanded by him, *Paton* v. *Sheppard, 10 Sim. 186; Robinson* v. *Robinson, 2 Irish C. L. 370.*

See, further, *Earp's Will, 1 Pars. Eq. 453; Griswold* v. *Griswold, 4 Bradf. 216; Waring* v. *Purcell, 1 Hill Ch. 193, 199; McLemore* v. *Blocker, Harp. Eq. 275; Fassit's Case, 11 Phila. 134.*—Rep.

The annuity appears to have been a provision for support, and it is not to be supposed that it was intended that Mrs. Stinson should be liable to lose the benefit of the provision for the year in case she should not live till the end of that period. The annuity might constitute her sole means of subsistence, and if it had been understood that it was not apportionable, she could have obtained no credit upon it. Undoubtedly, the understanding and intention were the contrary, and it is equitable to hold that, under the circumstances, the annuity was apportionable, and consequently that her administrator is entitled to a proportionate part for the period in question.