Morgan v. Morgan.

CAROLINE MORGAN'S EXECUTOR

*v.*

JOHN MORGAN'S TRUSTEE.

1. The testator said, "Second, I, give, devise and bequeath unto my beloved wife, Caroline Morgan, all of my hsusehold goods and furniture, also one-third of the income or interest of my estate during her widowhood, in *lieu* of dower."—*Held*, that the widow took only an interest in the goods and furniture during her widowhood.

2. The widow died while the rent was accruing and before it became due. —*Held*, that the rent should be apportioned.

On bill and answer for construction of will.

*Mr. S. P. Jones*, for complainant.

*Mr. P. L. Voorhees*, for defendant.

BIRD, V. C.

John Morgan made his last will, providing for his funeral expenses and the payment of his debts. He then said:

"Second, I, give, devise and bequeath unto my beloved wife, Caroline Morgan, all of my household goods and furniture, also one-third of the income or interest of my estate during her widowhood, in lieu of dower."

In a separate paragraph he gave the sum of $100 to the Camden city dispensary. In another paragraph he gave to Sarah Horner $2.50 per week during her natural life, to be paid her in

NOTE.—The introduction of "also," or "and also," between two devises was held to control both in the following cases: *Cole* v. *Rawlinson, 1 Salk. 234 ; Evans* v. *Knorr, 4 Rawle 66 ; Anonymous, 2 Hayw. 161 ; Green* v. *Hewitt, 97 Ill. 113 ; Berry* v. *Berry, 1 Harr. & Johns. 417 ; Summers* v. *Burtis, 4 Edw. Ch. 728 ; Hyman* v. *Williams, 12 Ired. 92 ; Neide* v. *Neide, 4 Rawle 75.* But see, contra, *Spirt* v. *Bence, Cro. Car. 368 ; Childs* v. *Wright, 8 T. R. 64 ; Richley* v. *Burn, 6 Barn. & Cres. 289 ; Hall* v. *Gillespie, Phil. Eq. 256 ; Robertson* v. *Roberts, 1 Jones 74 ; Cooper* v. *Pogue, 92 Pa. St. 254 ; Hart* v. *White, 26 Vt. 260 ; Purcell* v. *Wilson, 4 Gratt. 16.* See *Ellam* v. *Westley, 4 B. & C. 667 ; Paylor* v. *Pegg, 24 Beav. 105 ; Areson* v. *Areson, 3 Denio 458.*—REP.

Morgan *v.* Morgan.

monthly portions. In another separate paragraph he gave all the residue and remainder of his estate, real and personal and mixed, whatsoever and wheresoever, to his trustee, amongst other things, to pay for the maintenance and education of his son until he arrived at the age of twenty-one years, when the balance remaining was to be paid to said son.

He appointed his wife guardian of his said son, Jonathan Burr, the defendant, trustee, and his said wife and said Burr executrix and executor of his will. The wife survived him, took possession of the household goods and furniture mentioned in the paragraph above quoted, and made her will, disposing of all her personal estate. The executor of her will claims the goods and furniture named in the paragraph above, and also the rents for that portion of the current year up to the time of her death, although not due until after her death, by the terms of the lease.

Is her executor entitled to such goods and furniture, and to such an apportionment of the rents? are the questions submitted. The complainant, who has the affirmative, relies chiefly upon the construction of the clause giving said goods and furniture. He insists that it cannot be read, with due regard to the punctuation, without concluding that the testator intended to make an absolute gift of the said goods and furniture; that it is plain, from this division of the paragraph, that the testator only intended the interest of his real estate to go to his wife during widowhood. I am not much impressed in this case with this argument; for the use of the comma seems to have been without regard to any rule; for it will appear that he separates the "I," at the very beginning, from all the rest of the sentence, which use of the comma is similarly displayed throughout the whole instrument. I cannot understand how a principle can aid in the construction of a will when the testator wholly disregards that principle.

The testator says: "I give, devise and bequeath my household goods and furniture, also one-third of all the income to my wife during her widowhood, in lieu of dower." It seems to me that the entire gift was intended to be limited to the period of her widowhood. He gives the goods, and also the interest of his estate, and adds, "during her widowhood." The word "also"

Morgan *v.* Morgan.

signifies the same as "in like manner." And this view seems to be sustained by the authorities. In *8 Vin. Abr. 214 Q. & Q.*, it is declared: "If a man devise black acre to one, in tail, and also white acre, the devisees shall have an estate in tail in white acre also, for this is all one sentence, and so the words which make the limitation of the estate go to both." In *Fenny v. Ewestace, 4 Maule & Sel. 58*, it appears the testator said: "I give unto my nephew, Collyer, all that my home and premises at Pittston, in the occupation of R. Reed; I also give unto my nephew, John Collyer, all that my land in the parishes of Riddlestone and Aubury, in the occupation of J. Tomkins, to my said nephew, John Collyer, his heirs, assigns forever." The devisee took a fee in both. The words expressing a quantity of estate were reserved till the last. In this case the punctuation is much more serviceable, the two members of the sentence making the devises being separated by a semicolon. This view is sustained in the case of *Giles* v. *Melsom, L. R. (6 H. of L.) 24.* "The proviso being at the end of all the devises must have a meaning applicable to all, and not be treated as if placed at the end of one, and thus made applicable to one only." See, also, *2 Jar. on Wills 75; Child* v. *Elsworth, 2 DeG., M. & G. 679. Richards* v. *Baker, 2 Atk. 321*, fully sustains this view. *Leeke* v. *Bennett, 1 Atk. 470.*

*Sherman* v. *Wooster, 26 Iowa 272*, is in conflict with the foregoing authorities. The testator said "that rest of my estate, real and personal, I give as follows, to wit: one-half of my real estate, also all my personal property, all her natural life, and, at her decease, to be equally divided between my two daughters; the one-half of my real estate I bequeath to my two daughters and their heirs." It was held that the fee in the land passed by the devise, and that the words "during her natural life" were limited to the personal property. From this view Dillon, chief-justice, dissented, and said that the wife took only a life estate in the land. The complainant relies also upon *Van Houten* v. *Post, 12 Stew. Eq. 51.* I think nothing can be plainer or more satisfactory to the mind than the opinion of the chancellor in that case; but it does not seem to me to be in any sense like

the one I am considering. In that case the testator gave nine acres of land, definitely locating it, and also personal property, "to be left to discharge my debts, and so much of the real property to discharge the remainder of my debts, if any wanting, and the remainder of my property, of what nature soever, during widowhood." It was held that the widow took the fee in the lot first named. This the testator must have intended, for he limits all the rest of the gift to the widow for life.

I conclude that the widow took only a life estate. I think the rent should be apportioned. At law this cannot be done; but it is most equitable that it should be, especially where it is plain that the gift is intended for support, although it may not so be expressed in words. See *Lackawanna Iron and Coal Co.'s Case, 10 Stew. Eq. 26; Vernon* v. *Vernon, 2 Bro. C. C. 659; Paget* v. *Gee, Ambl. 198, 3 Swans. 694; Monson* v. *Essex, 8 L. J. Ch. 162.*

I will advise a decree in accordance with these views.