Brombacher v. Berking.

---

AUGUSTUS F. BROMBACHER et al.

*v.*

MAX B. BERKING et al.

[Filed November 19th, 1897.]

1. A will directed that all the testator's property be sold and the proceeds invested by the executors and trustees, and that one-third of the income therefrom be paid to the widow of the testator during her life as often as semi-annually, the remainder of the income to be paid to testator's children

·during life, in fixed but unequal proportions. Then followed the following paragraph : " In the event of the death of my wife, the income herein given her is thereafter to be payable to my children respectively *pro rata*, and in ·case of the death of any child leaving issue, such proportions of the capital or *corpus* of my estate as was represented by the income of which such child shall have been entitled hereunder at the time of his or her death shall go and be paid to such issue in equal shares, if more than one; but in case any child shall die without issue, then his or her share of such income shall be ·paid ratably to my surviving children."—*Held, first,* that by the use of the words "*pro rata*" the testator meant that the income which the widow was to receive during life was upon her death to be paid to the children in the same proportions as the income given to them immediately upon testator's death; *second,* that the gift of the use of the income is to be regarded as equivalent to a gift of the use of the *corpus;* *third,* that the children of the testator took a life estate only in the income, both in that which was to be paid to them after the widow's death as well as in that which was to be paid to them after the ·death of the testator.

2. The income to be paid to the widow during life is to be regarded as inter ·est and not as an annuity, and such part of said income as accrued after the ·last payment until her death belongs to her estate.

3. The trustees are directed, in case of the marriage of a child, to pay to ·such child a marriage portion; and in case any son should engage in any ·business or profession with the approbation of the executors, to pay to such ·son one-half of the *corpus* of the share of such child—in either of which ·events the income of such child is to be correspondingly reduced.—*Held,* that ·a child takes an absolute and not a life estate, in a portion paid under these ·provisions.

*Mr. Joseph P. Osborne,* for the complainant.

REED, V. C.

The complainants are trustees of the estate of Charles H. Berking, deceased. They have filed this bill for the purpose of ·obtaining the instruction of this court as to the meaning of ·certain parts of the will of Mr. Berking, deceased, under the directions of which they are. to execute their trust. The will provided, *first,* for the payment of debts and funeral expenses ; *second,* it appoints three trustees and executors; *third,* it devises and bequeaths to the executors and survivors of them all the tes tator's estate, real and personal, remaining after payment of debts, funeral and testamentary expenses, in trust, to invest proceeds of ·sale of said estate, real and personal (which he empowered the

executors and trustees to convert into money by sale or other-- wise), in first-class securities or real estate mortgages; to collect and pay over the income therefrom as often as semi-annually as follows: To the widow, thirty-three and one-third per cent. of said income during her life; to a daughter, Pauline, nine per cent. of the income during life; to a son, Charles, twelve and a half per cent. of the income during life; to a daughter, Jessie, thirteen and one-third per cent. of the income during life; to a daughter, Dora, sixteen per cent. of the income during life; to a son, Max, sixteen per cent. of the income during life.

The fourth paragraph is as follows:

"In the event of death of testator's wife the income given to her is there- after to be payable to testator's children, respectively, *pro rata*, and in case of the death of any child leaving issue, such proportion of the capital or *corpus* of my estate as was represented by the income to which such child shall have been entitled hereunder at the time of his or her death shall go and be paid to such issue in equal shares, if more than one; but in case any child shall die without issue, then his or her share of such income shall be paid ratably to my surviving children."

The widow died December 22d, 1896. She had, upon the death of the testator, qualified as the sole executrix and trustee under his will. Upon the death of the widow the complainants were appointed trustees in her stead.

The first question propounded by the trustees is in respect to the distribution of the income formerly payable to the widow. The fourth paragraph provides, as already displayed, " that in the event of the death of my wife the income herein given to her is hereafter to be payable to my children, respectively, *pro rata.*" The query is, what did the testator mean by the use of the phrase " *pro rata ?* " Did he mean that the income was to be equally divided among his children, or did he have in his mind the pro- portions fixed by him in the third paragraph for the payment of the rest of the income?

*Pro rata* means according to a measure which fixes propor- tions. It has no meaning unless referable to some rule or stand- ard. If the use of these words did not follow, as they did, the third paragraph, and if there was no other gauge to fix the pro-

Brombacher *v.* Berking.

portions, they would probably, in the absence of such standard, be regarded as equivalent in meaning to the words "*per capita.*" But, in my judgment, the testator had in mind when he employed these words the measure or standard fixed by him in the preceding paragraph for the division of the two-thirds part of the income among his children.

That the testator meant to distinguish between a distribution *pro rata* and a division in equal shares, appears from his language in the latter part of the fourth paragraph, for it is observed that, in that part, he provides

"that in case of the death of any child leaving issue, such portion of the *corpus* as was represented by the income to which such child shall have been entitled at the time of his or her death, shall go and be paid to such issue in equal shares, if more than one ; but in case any child shall die without issue, then his or her share shall be paid ratably to my surviving children."

The word "ratably" is, of course, equivalent to the words "*pro rata.*"

My conclusion is that the income, which during the life of the wife was paid to her, should now be paid to the children of the testator in the same proportions as the other part of the income is payable.

The next question propounded is whether the unpaid portion of the one-third of the income which accrued up to the time of the death of the widow, is payable to her personal representatives.

She was paid up to August 31st, 1896. She died December 22d, 1896. The point is whether the income accruing between the date of the last payment and the date of the widow's death, belongs to her estate.

When a sum is given as an annuity and the annuitant dies between the pay-days, there can be no claim by his personal representative for anything accruing after the last pay-day. But this rule is subject to exceptions, one of which is that where the annuity is given in lieu of dower, or for the support of a widow, or of minor children. In such instances the amount of the an-

nuity will be apportioned.  *Lackawanna Iron and Coal Company's Case, 10 Stew. Eq. 26,* and notes.

The bequest in this case is of income or interest.

The whole of the testator's property was to be sold and invested by the terms of his will.  The income is to be paid not at any particular time, but not less frequently than semi-annually.  The income accrues from day to day, and belongs to the life legatee from the time of its accrual.  *Edwards* v. *Countess of Warwick, 2 P. Wms. 176; Craig* v. *Craig, 3 Barb. Ch. 76; Eyre* v. *Golding, 5 Binn. 472.*

I conclude that the income unpaid up to the time of the widow's death belongs to her estate.

Other questions are propounded regarding the construction of a clause in the fourth and of the fifth and sixth paragraphs of the will.

The clause in the fourth paragraph is in these words:

"And in case of the death of any child leaving issue, such proportion of the capital or *corpus* of my estate as was represented by the income to which such child shall have been entitled at the time of his or her death, shall go and be paid to such issue in equal shares; if more than one, and in case any child shall die without issue, then his or her share of said income shall be paid ratably to my surviving children."

The fifth paragraph is as follows:

"In case of the marriage of any of my children, my executors are to pay to such child, as a marriage portion, twenty-five hundred dollars out of the *corpus* of the share of such child, and the income of such child will thereafter be correspondingly reduced."

The sixth paragraph is in these words:

"If any of my sons shall, with the approbation of my executors, engage in any business or profession, then one-half of the *corpus* of the share of such son may thereupon be paid to him by my executors, in which event his income shall be thereafter correspondingly diminished."

The queries which concern the clause in the fourth paragraph are, first, in respect to the present interest of children of the testator, and second, in regard to the interest of the issue of these

children leaving issue, or in regard to the interest of the sur-- vivors of those children dying without issue.

The question as to the present interest of the children is in-- volved in the inquiry whether the death of a child leaving issue or without issue is referable to death before the death of the tes-- tator or before the death of the widow or to death at any time.

All the children have survived the testator and the widow.. If the period to which the death of a child is referable is death. before the death of either testator or widow, then inasmuch as the event upon which either one of the alternative limitations over- was to occur has failed, the children take an absolute interest.

I am of the opinion that each child takes only an interest for- life, not only in that portion of the estate the income of which. was to be paid to such child during the life of the widow, but also in that portion of the income which became payable to each. child after the widow's death.

The death of a child refers to death at the time the life estate- shall determine. *3 Jarm. Wills 614; Hawk. Wills 255.*

It is entirely clear that in that part of the estate the income- of which was to be paid to the children from the time of the tes-- tator's death, each child took only a life interest. The direction of the will is that the trustees pay over to each child during life his or her proportion of the income. The rule is that a gift of in- come is equivalent to a gift of the land or *corpus* out of which the income springs. *Traphagen* v. *Levy, 18 Stew. Eq. 448, 452; Gulick* v. *Gulick, 12 C. E. Gr. 498.* The gift of the income, or- direction to pay the income during life to the children, gave a life interest. *Monarque* v. *Monarque, 80 N. Y. 320; Sampson* v. *Randall, 72 Me. 109; Green, Executor,* v. *Howells, Executor,. 2 Vr. 570.*

As to this part of the estate it is entirely clear that each child took, upon the death of the testator, a life estate with remainders. over either to his issue or to his or her surviving brothers or sisters.

I am not including within this statement either the marriage- or the business or professional portions, of which I will presently speak.

In addition to the proportions of income which each child was to be paid immediately, there is the income of the widow, which, upon her death, is to be paid to the children. There is no express limitation of the period during which the payment of this part of the income is to continue. There are also alternative gifts over. These conditions will sometimes restrict the gift over to the period of distribution, which is in this instance at the death of the widow. *Barrell* v. *Barrell, 11 Stew. Eq. 60.*

In my judgment, it was not the intention of the testator to give the children who survived the widow an absolute interest in this portion of his estate.

The manifest scheme was, that upon the death of the widow her portion of the income should coalesce with the rest of the income, and all should be paid by the trustees alike and enjoyed by the beneficiaries for the same period and by like title.

The will provides that in the event of the death of the widow, the *income* given to her is thereafter to be payable to the children *pro rata,* and in case of the death of any child leaving issue, such proportions of the *capital or corpus* of the estate as shall be represented by the income to which each child shall have been entitled at the time of his death shall go and be paid to such issue.

Here is a gift of the *income* to the children with a gift over of the *corpus* to the issue.

This circumstance was by Sir J. Leach thought significant to indicate that the gift over in case of the death of the prior legatee meant death whenever it occurred, and that, therefore, the prior legatee took only a life estate. *2 Jarm. Wills § 750.*

It is transparent that all the estate which came to each child, whether originally or at the death of the widow, goes to the issue of that child or to his surviving brother or sister at the same time. It is that part of the *corpus* "represented by the income to which such child shall have been entitled at the time of his death" that, by the language of the fourth paragraph, is given over. This includes all income from whatsoever portion of the *corpus* derived. All the income is treated as a unit. The contingency upon which the gift over is to occur is obvi-

17

ously single, not double. It is death in the lifetime of the testator, death in the lifetime of the widow or death whenever it shall occur.

Now, in regard to two-thirds of all the income or of the corresponding estate, the will, by an express limitation of the estate of the children to a life interest, has fixed the end of each child's natural life as the time when the gift over is to take effect. The gift over of all the income or estate necessarily occurs at the same time.

My conclusion is that each child has now a life estate.

This interest, however, may, in part, become absolute under the fifth and sixth paragraphs, providing for the payment of marriage portions and for the payment of a moiety of the *corpus* to those who engage in business or in a profession.

The bill propounds a question relative to the fifth paragraph in these words, " what is to be the disposition of the income of the $2,500?" The purport of this question, I assume, is whether the marriage portion is to be taken into account as part of the estate to be distributed upon the death of any child so advanced. This query is already answered. The payment is made absolutely and becomes the property of the child. The only part of her income which is thereafter limited over is the reduced income accruing from the advanced child's diminished capital.

The sixth clause provides

"that if any of my sons shall, with the approbation of my executors, engage in any business or profession, then one-half of the *corpus* of the share of such sum may thereafter be paid to him."

The query is, what is meant by " engage in any business or profession ? "

It is impossible to give a general definition which is more specific than the words themselves. Whenever a son claims that he is engaged in a business or profession, an intelligent construction can be given when the instance arises.

In regard to those questions which relate to the interest of the issue, or to the interest of the surviving children after the death

of a child, I think the consideration of these matters should be postponed until the event occurs. The interest of the infants should not be passed upon now, when such judicial action is not required for the purpose of guiding the trustees in the performance of their present duties; nor if it were necessary should it be settled without assigning counsel to specially present the case of the infants.