ELLA S. SCULL, complainant-appellant,

*v.*

RAE SCULL ROSECRANS, defendant-respondent.

[Submitted October term, 1928. Decided February 4th, 1929.]

*Messrs. Cole & Cole,* for the appellant.

*Messrs. McCarter & English (Mr. George W. C. Mc-Carter,* of counsel), for the respondent.

The opinion of the court was delivered by

HETFIELD, J.

The complainant is the widow of Joseph I. Scull, deceased, and the bill is filed for the purpose of having her late husband's will construed, and also, for the partition of several tracts of land, devised by said will. During the lifetime of the testator, he and one Lewis M. Cresse were tenants in common of a tract of land having a frontage of sixty feet on Asbury avenue, in the city of Ocean, upon which they erected a building, covering approximately forty-one feet of said frontage, and consisting of two stores and an entrance to a stairway leading to apartments on the upper floors. The building was known as the Scull-Cresse Building, and was always referred to as Nos. 835 and 837 Asbury avenue, although the only numbers appearing thereon were No. 835

over the door of the store on the northwest side, and No.
835-A over the entrance to the upstairs apartments. At the
time of Mr. Cresse's death, he having predeceased the tes-
tator, there remained nineteen feet of the tract unoccupied,
the building being completed with the exception of the south-
westerly end thereof, where the hollow tile was left exposed,
and considerable building material remained on the vacant
lot, leading one to believe that the parties had contemplated
an addition to the original building, and intended to use
the exposed part of the wall of the old building as a party
wall for the addition. The testator subsequently purchased
from the Cresse estate the undivided one-half interest in the
nineteen-foot tract, as well as the unused building materials
remaining thereon, title to said interest being taken in the
joint names of the present complainant and himself. He
then erected a building thereon, consisting of a store and
apartments, which afterward were known as No. 839 Asbury
avenue. There was no communication from one building to
the other, but part of the side of the first building was used
as a party wall.

The disputed question relates to the meaning of the fifth
clause of the testator's will, and whether by the terms thereof
he intended to devise the nineteen-foot tract to the com-
plainant. The language, so far as it concerns this contro-
versy, reads as follows:

"I give, devise and bequeath unto my wife, Ella S. Scull * * *
all my interest in the Scull-Cresse Building known as number 835
and 837 Asbury avenue, and the lands upon which said buildings are
erected, all situate in the city of Ocean City, N. J., absolutely and in
fee-simple."

The vice-chancellor concluded, and we think properly so,
that the fifth clause did not devise the lands in question, but
that the property passed under the eleventh clause, which
devised to the complainant and Harriet R. Scull, the mother
of the testator, the residuary estate, share and share alike.
Harriet R. Scull died on May 2d, 1921, and devised her in-
terest in the property to Rae Scull Rosecrans, the respondent
herein.

The new building was completed sometime in June or

July, 1916, and the testator made his will January 26th, 1917, or about six months thereafter. He died April 6th, 1918. It appears that during the construction and after its completion, the building in question was always referred to by the testator as the "new building," and there is no testimony to the effect that he ever called it the Scull-Cresse Building, or included it as a part thereof. The testator, by the fifth clause of his will, has said in clear language that he intended to give the premises known as the Scull-Cresse Building, and to make certain that there could be no mistake or error as to the designation, there was inserted in said clause Nos. 835 and 837 Asbury avenue. The complainant, however, contends that the court should have decided that the testator not only meant to devise the property so specifically mentioned and designated, but intended to include another property, which was always referred to by him as the "new building," and was known and designated as No. 839 Asbury avenue. Where a will has declared in positive and unmistakable terms the testamentary purpose, the courts will not surmise, guess or speculate as to a contrary intention.

It is further argued that the court below was in error in finding that an actual partition could be made of the properties described in the bill of complaint, which consisted of fourteen different tracts of land, all in Ocean City. We think the evidence clearly demonstrates that said lands are partible, and no facts are presented showing that a division would be inequitable. The act concerning partition (*Comp. State. p. 3903* § *16*), provides that land or real estate may be ordered to be sold, when it shall appear by satisfactory proof that it cannot be partitioned among the owners without great prejudice to their interests.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.