The bill of complaint sets forth that the testator, Thomas P. Watson, died January 30th, 1930, leaving a last will and testament and codicil thereto, in the fifth paragraph of which will and testament he bequeathed all of his residuary estate to the Savings Investment and Trust Company, James P. Watson and Lillian O. Watson, trustees, who are the complainants herein, with directions to divide the same into two equal shares and to pay from one of said shares to his wife, Lillian O. Watson, the sum of $5,000 semi-annually; that testator's widow died December 22d 1933, testate, having received the said $5,000 semi-annual payments up to and including the installment due July 30th, 1933, and that the residuary legatees named in the will of the said Lillian O. Watson now claim that her estate is entitled to receive a *Page 236 
proportionate part of the $5,000 semi-annual payment from July 30th, 1933, to the date of her death, December 22d 1933.
Complainants pray the chancellor for instruction as to whether or not the installment due January 30th, 1934, is apportionable and payable to the estate of Lillian O. Watson.
Such portions of the fifth paragraph of the will as are pertinent read:
"All the rest, residue and remainder of my estate, both real and personal, whatsoever the same may be and wheresoever situate, I do give, devise and bequeath unto my wife Lillian O. Watson and my son James P. Watson and the Savings Investment Trust Company of East Orange, a corporation of the State of New Jersey, to them and to their heirs, successors and assigns, forever, in trust, nevertheless, for the following uses and purposes:
"A. To divide the said estate into two equal shares and to invest and reinvest each of said shares in good interest bearing securities in accordance with the laws of the State of New Jersey."
"C. To pay to my said wife Lillian O. Watson the sum of Five Thousand Dollars ($5,000) semi-annually from the remaining share until the same shall be fully exhausted, taking such amount from the principal of said share as may be necessary, when added to the interest, to pay said sum of Five Thousand Dollars ($5,000) on every six months period."
In clause "D" of the fifth paragraph the testator further provides:
"In the event that the Savings Investment Trust Company shall determine that it is necessary for the proper support andmaintenance either of my said son or my said wife, I do authorize it in its sole discretion to increase the amount to be paid semi-annually to them or either of them." (Italics mine.)
The deceased and his wife in his lifetime lived very comfortably in their home in South Orange; maintained a summer home at Culvers Lake and frequently spent the winter months in Florida. He was engaged in the storage warehouse business in East Orange which he sold some time in the year 1925 for approximately $225,000, whereupon he retired from business.
Subject to exceptions, it was the general rule of the common law, recognized by both courts of law and of equity, *Page 237 
that annuities, whether created inter vivos or by will, were not apportionable in respect of time, and if the annuitant died before, or even on, the day of payment, his representatives could claim no portion of the annuity for the current year. The rule as to non-apportionment has established exceptions in cases where an annuity is given for maintenance of a wife living separate and apart from a husband, or for the support of minor children, or in lieu of dower and for support and maintenance of a wife.
In In re Lackawanna Iron and Coal Co., 37 N.J. Eq. 26, John Stinson and his wife conveyed his farm to Nelson Vliet, the husband of their granddaughter, in consideration of an agreement on the part of the grantee (the performance of which was secured by his bond and mortgage of the property), to pay to Stinson $250 yearly, on the 1st day of April, during the lifetime of Stinson, and if Stinson's wife should survive him, to pay, or cause to be paid, to her, yearly, the sum of $200, during the term of her natural life. Mrs. Stinson outlived her husband. Her annuity being in arrears, she filed her bill in this court to foreclose the mortgage. There were subsequent encumbrances, and there was a decree that the farm be sold "subject to the annuity of $200 per year, to be paid to the complainant, Eleanor Stinson, on the 1st day of April of each year thereafter, during the term of her natural life," and it was sold accordingly. The petitioners were the owners of the property by conveyance from the purchasers at the sheriff's sale. Mrs. Stinson died September 19th, 1881. The annuity to her was paid up to April 1st in that year, and the question presented was whether her personal representative was entitled to a proportionate part of the annuity for the period between that day and the day of her death, or, in other words, whether the annuity is apportionable. Chancellor Runyon held, "the annuity appears to have been a provision for support, and it is not to be supposed that it was intended that Mrs. Stinson should be liable to lose the benefit of the provision for the year in case she should not live till the end of that period. The annuity might constitute her sole means of subsistence, and if it had *Page 238 
been understood that it was not apportionable, she could have obtained no credit upon it. Undoubtedly, the understanding and intention were the contrary, and it is equitable to hold that, under the circumstances, the annuity was apportionable, and consequently that her administrator is entitled to a proportionate part of the period in question."
In the instant case the testator's intention clearly expressed was that his wife was to receive semi-annually the sum of $5,000, leaving it to the discretion of his trustee to add to that sum as much more as it saw fit in its discretion for her proper support and maintenance. Under the circumstances the annuity is apportionable.
I will advise decree accordingly. *Page 239