The complainant, Barbara Schaefer, is the widow of Michael Schaefer, who died testate March 1st, 1936. In her bill of complaint she alleges that Katherine Gessler, the executrix named in the will, is about to distribute the decedent's estate to the legatees named in said will in contravention of her rights, and that if such distribution is made, it will cause complainant irreparable damage. The prayer in the bill of complaint is for construction by the court of the ninth paragraph of said will and declaration by the court of the rights of complainant and the other legatees and devisees named therein.
After revoking former wills in the first paragraph, the second paragraph provides for the care and preservation of decedent's burial plot, and in the five paragraphs following the testator makes various and sundry bequests to his sister, Katherine Gessler, his nephew, Thomas Gessler, nieces and nephew of a deceased brother, Valentin Schaefer, and nieces, the daughters of another deceased brother, Peter Schaefer, and a niece, the daughter of his brother, Joseph Schaefer.
In the eighth paragraph, he gives the residue and remainder of his estate, real and personal, to his sister, Katherine Gessler, and nephew, Thomas Gessler, to be equally divided between them. Thus, the testator disposes of his entire estate.
The ninth clause then provides:
"It is my full intention not to devise or bequeath any of my estate to my present wife, Barbara Schaefer, in view of the fact that she has given me very poor and unfair treatment, and therefore it is my sincere wish, direction and intention that my said wife, Barbara Schaefer, shall not receive any more from my estate than the laws of New Jersey allow her had I died intestate, to wit: her dower interest in any real estate of which I may die seized of."
The tenth clause gives his executrix power to sell or mortgage any or all of his real estate.
Complainant was the testator's second wife by whom he had no children. Complainant contends that the language "it is my sincere wish, direction and intention that my said wife, Barbara Schaefer, shall not receive any more from my *Page 44 
estate than the laws of New Jersey allow her had I died intestate, to wit: her dower interest in any real estate of which I may die seized of," entitles her to all that portion of his estate to which under the statute law of this state she would have been entitled had her husband died without leaving a will.
The testator's intention must be gathered from within the four corners of his will. What he has there laid down, either expressly or by implication, the court construes, and the leaning will always be toward a construction to prevent intestacy.Leigh v. Savidge, 14 N.J. Eq. 124; Yawger v. Yawger, 37 N.J. Eq. 216; Carter v. Gray, 58 N.J. Eq. 411. However, the will must furnish the basis for the construction. If the testator, through ignorance, inattention or inadvertence, fails to dispose of all of his estate, it is not within the power of the court to supply the omissions. The province of the court is to construe, not to make, wills. Tyndale v. McLaughlin, 84 N.J. Eq. 652.
The testator having disposed of his entire estate, both real and personal, in the clauses preceding the one under construction, it is not open to question that it was his intention as he expressly says in the ninth clause, not to devise or bequeath any of his estate to complainant, and that for the reason which he there definitely sets forth, namely, "she has given me very poor and unfair treatment."
The dominant purpose and intention of the testator was to leave nothing to complainant except that of which he could not deprive her, namely, dower in his real estate. And where testator's predominant idea is apparent, it will be heeded against doubtful and conflicting provisions which might defeat it. Peer v.Jenkins, 102 N.J. Eq. 235.
I will advise decree in accordance with these conclusions. *Page 45