The will of Helen L. Horwood is dated November 24th, 1936. She died October 4th, 1937, and her will was duly admitted to probate by the surrogate of Hudson county. The complainant, executor, requests the direction of the court as to its duty under paragraphs 4 and 5 of said will, which paragraphs read as follows: *Page 21 
"Fourth. I give, devise and bequeath to my brother Charles S. Horwood fifteen hundred (1,500) shares of stock in the E.H. Horwood Co., a corporation of the State of New Jersey.
"Fifth. I give, devise and bequeath to my brothers George Edward Horwood and Henry A. Horwood the balance of shares of stock owned by me in said E.H. Horwood Co., a corporation, * * * to be divided equally between them, share and share alike."
The difficulty which confronts the executor arises out of the fact that the testatrix at no time owned so many as one thousand five hundred shares in said corporation. Nothing in the remaining paragraphs of the will is of assistance in solving the problem presented.
The Horwood Company is a "close" corporation and its authorized and issued capital stock consists of but one thousand shares. At the date of her will and at her death, the testatrix owned six hundred and ninety-seven shares and of the balance of said one thousand shares, her brother Charles owned three hundred, her brothers George and Henry owned one share each and a qualifying share was owned by a Mr. Reilly. The testatrix brought to the office of her attorney, a draft of a proposed will and discussed with him the provisions of a will she desired him to prepare. He dictated the will in question to a stenographer and after it had been typewritten, the testatrix executed it in the presence of her attorney and another witness and took the will with her. The attorney destroyed the testatrix' draft of will and the will she executed was found, after her death, in a safe in her home.
An offer was made to prove through the testimony of witnesses, conversations with the testatrix at or shortly preceding the execution of her will which testimony, it was said, would tend to show that she intended to bequeath to her brother George, shares in the Horwood Company less than one thousand five hundred in number, but the offer was rejected on the ground that such testimony was inadmissible. It is the settled rule in this state, as laid down in Leigh v. Savidge, 14 N.J. Eq. 124, andGriscom v. Evens, 40 N.J. Law 402, approved by our court of errors and appeals and followed in this court in many subsequent reported cases, that while parol evidence of the amount and nature of a testator's *Page 22 
estate, or of other extrinsic circumstances, which in its nature and effect is simply explanatory of what testator has written is admissible, such evidence cannot be received for the purpose of showing his meaning, intention or understanding to be different from what he has clearly and definitely expressed. As was said inFarnum v. Pennsylvania Company for Insurance, c., 87 N.J. Eq. 108;affirmed, Ibid. 652, "this principle requires an inflexible adherence to it, even if the consequence should be partial, or even total failure of the testator's intention * * *. A firm adherence to the rule is necessary to avoid the consequences of the misapprehension of the witness and the danger of offering temptation to perjury." See, also, In re Gluckman, 87 N.J. Eq. 638.
Presumably the testatrix read the will, or it was read to her, thus acquainting her with its provisions before she executed it. The witnesses to the execution signed an attestation clause certifying that she published and declared it to be her last will and testament in their presence, and she had the executed will in her possession nearly a year before she died. What it may be thought was in her mind when she thereby gave one thousand five hundred shares of stock to her brother Charles, is immaterial and I am not at liberty to guess. If a mistake was made in stating the number of shares she intended to give said brother, and whether the mistake was hers or the scriveners, she nevertheless stated in unambiguous words that she gave one thousand five hundred shares to Charles and no testimony can be received from the scrivener or from others, who might testify to their understanding from what she may have said to them, that it was her true intention to bequeath fifteen or one hundred and fifty or five hundred shares to him and thus subtract from words which have a clear and settled meaning. Scull v. Rosecrans, 104 N.J. Eq. 143;McDonald v. Clermont, 107 N.J. Eq. 585; Douglas v.Board of Foreign Missions, c., 112 N.J. Eq. 361.
I am required to determine the disposition to be made of the six hundred and ninety-seven shares of stock of which the testatrix died possessed. I know of no mathematical or other solution which would effectuate the expressed intention *Page 23 
of the testatrix for a division of her shares of stock among all the beneficiaries named in the fourth and fifth paragraphs of her will. Since the testatrix gave one thousand five hundred shares to her brother Charles, I must assume she intended to give him at least six hundred and ninety-seven shares, which was all she had. In the light of the facts, after satisfying the provisions of the fourth paragraph so far as possible, the words "balance of my shares" as used in the fifth paragraph, can have no meaning and the beneficiaries under that paragraph stand in the position of residuary legatees for whom it is found no residuary estate exists.
The complainant is advised that the legatee Charles S. Horwood, is entitled to receive six hundred and ninety-seven shares of E.H. Horwood Company stock owned by the testatrix at her death, in satisfaction of the bequest to him contained in the fourth paragraph of the will of the testatrix. *Page 24