The only question is whether annuities under the last will of Martin J. Fischer, deceased, are apportionable — like income accruing day by day. An annuity is apportionable if (a) the annuitant is the surviving spouse of the testator or donor and the annuity is given in lieu of dower or curtesy or statutory distributive share, or (b) the annuity is given for the support of the annuitant, or (c) it is so provided by the terms of the instrument creating the annuity. 1 Restatement-Trusts § 238
(2). In re Lackawanna Iron and Coal Co., 37 N.J. Eq. 26;Morgan's Executors v. Morgan's Trustee, 41 N.J. Eq. 235;Brombacher v. Berking, 56 N.J. Eq. 251; Lewis v. Towar
(N.J.), 45 Atl. Rep. 999; Savings Investment and Trust Co. v.Carhuff, 117 N.J. Eq. 235. *Page 416 
Mr. Fischer, by his will, gave to his wife Caroline an annuity of $1,500 to be paid her "during the term of her natural life or until her remarriage." He gave to each of his unmarried daughters Marie and Anna, an annuity of $1,000 per year, to be paid her "so long as she remains unmarried." He then provided that his residuary estate, including the principal sum from which the annuities were to be paid, should be divided on the death or remarriage of his wife, among his children then surviving.
The only other gift in the will was a devise to the widow of his home and a small country place, neither of them income-bearing properties. Income on the residuary estate in excess of the annuities, was accumulative during the lifetime of his wife or until she should remarry and was not available to the beneficiaries of his will during that period.
When Mr. Fischer made his will and when he died two months later, his household consisted of himself, his wife, and the two daughters. Other children were married and had their own homes. Marie was twenty-two years old and Anna thirty-two. Neither of them had a business training or had ever been employed or earned any money. They had no means of their own and Mrs. Fischer had no separate estate.
The reception of proof of the facts recited was resisted on the ground that the evidence was immaterial. The outcome of the suit depends on the meaning of the language employed in the will. Does it signify that the annuities were given for the support of testator's wife and daughters? In searching for the answer the court is not confined to an inspection of the testament, but may look into the situation existing when the will was made, the surroundings of the testator, his property, and the condition of the persons taking under the will. The purpose of such proof is to place the court in the position of the testator and thus enable the court, ascribing to the testator the common impulses of our nature, to understand the meaning and application of the language he has adopted. Such evidence is received not only to aid in identifying a legatee, or in determining what is included in a legacy, but generally to assist in finding the intention of the testator. *Page 417 
Among our cases in point are Van Winkle v. Van Houten, 3 N.J. Eq. 172,186; Barnard v. Barlow, 50 N.J. Eq. 131; 51 N.J. Eq. 620;German Pioneer Verein v. Meyer, 70 N.J. Eq. 192; 72 N.J. Eq. 954;Coyle v. Donaldson, 91 N.J. Eq. 138; Noice v.Schnell, 101 N.J. Eq. 252, 272.
It is clear from the circumstances surrounding the testator at the time he made his will and from the provision that the annuities are to run until marriage, that they were intended for the support of the annuitants.
As Marie Fischer married fifteen years ago, her annuity then terminated. The widow, never having remarried, has passed away. The daughter Anna is still single. Proportionate parts of the annuities for the period from April 12th, 1936, the anniversary of the death of testator, to July 3d 1936, the date of the death of the widow, should be paid to her representatives and to Miss Fischer.