Since the filing of the opinion in this case, reported in124 N.J. Eq. 415; 2 Atl. Rep. 2d 328, reargument has been heard touching the admission and use of extrinsic evidence in aid of the interpretation of the will. The rules on this subject may be summarized as follows:
I. The testator's declarations regarding his testamentary intentions are inadmissible except in case of latent ambiguity in the naming of a person or thing in the will when such declarations may be proved to identify the person or thing.
II. Proof is generally admissible of the situation existing when the will was made — the surroundings of the testator, his property and the condition of the persons taking under his will. Such proof is used to enable the court to understand the meaning and application of the language found in the will.
III. But extrinsic evidence is not allowed to override the will or to set up an intention inconsistent with it. Where the intention of the testator, as disclosed by the will, is entirely clear — where, as it is sometimes put, there is no room for construction — the court will disregard or may even refuse to hear evidence of surrounding circumstances. In other words, the court will not reform a will under guise of construing it.
Our cases illustrating these rules are legion. I will cite only some very recent ones:
Federal Trust Co. v. Ost, 120 N.J. Eq. 43, 52 (size of estate and age of widow, on question whether provision was in lieu of dower); New York Trust Co. v. Murray, Ibid. 494, 506
("all the facts and surrounding circumstances"); Schaeffer v.Gessler, 121 N.J. Eq. 42 (that widow was testator's second wife by whom he had no children); Quill v. Schlichter, Ibid. 149
(relation of testator to corporation *Page 108 
whose stock he bequeathed; on question whether legacy was specific); Camden Safe Deposit and Trust Co. v. Scott, Ibid.366 ("intent must be gathered from the will as applied to the testator's situation"); Gates v. Plainfield Trust Co., Ibid.460; 122 N.J. Eq. 366 (testator's large gifts to wife in his lifetime; received to show his intention that income under will should start at his death); Damron v. Mast, 121 N.J. Eq. 489,496 (that the estate was such that a sale of realty was necessary to carry out will; hence equitable conversion);Greenleaf v. Plainfield Trust Co., 122 N.J. Eq. 500
(beneficiary's marital relations and testator's knowledge thereof received — but not allowed to overcome clear terms of will);Shippee v. Shippee, Ibid. 570 (legatee's illness in lifetime of testator); Byrne v. Byrne, 123 N.J. Eq. 6; affirmed,124 N.J. Eq. 273, and First National Bank of Toms River v. Levy,123 N.J. Eq. 21 (size and income of estate when will was made, on question whether annuities were payable out of principal);New Jersey Title Guarantee and Trust Co. v. Dailey, Ibid. 205
("all the facts and circumstances"); Camden Safe Deposit andTrust Co. v. Fitler, Ibid. 245 (testatrix' circumstances admissible to prove intention to exercise a power); March v.Norristown Pennsylvania Tr. Co., Ibid. 282 (drinking habits of son); First National Bank and Trust Co. v. Freeholders ofUnion County, Ibid. 415 (identity of legatee); Hudson TrustCo. v. Horwood, 124 N.J. Eq. 20 (declarations of testator inadmissible; extrinsic circumstances admissible, but not to override meaning clearly expressed in the will); West JerseyTrust Co. v. Hayday, Ibid. 85 (circumstances existing at the time of the making of the will and at testator's death).
But counsel for complainant argues that the will by itself should first be studied and unless the study ends in doubt of the testator's meaning, proof of the surroundings of the testator should be excluded. While support for this thesis may be found in the authorities (see Wigmore, Evidence § 2470), I think it is not upheld by our New Jersey courts, especially in recent years. A more liberal course is followed charted by such early decisions as Leigh v. Savidge, 14 N.J. *Page 109 Eq. 124, where Chancellor Green deduced from extrinsic evidence that legacies were charged on land, though he found no real ambiguity in the will; "if, then, the intent of the testator must be sought in the will alone, to the exclusion of all extrinsic facts, it must, I think, be held that the real estate cannot be sold for the payment of the legacies."
Study of the will is conducted from the outset in the light of the situation existing when the testament was made; the presumptions of the law, such as the one favoring the heir, are given due weight, and from the whole the meaning of the will is deduced. I adhere to my conclusion that extrinsic evidence was admissible in the suit before me to show that the annuities were intended for the support of the annuitants.