The parties ask a construction of the residuary clause of the will of the late Sarah W. Marsh:
"All the rest, residue and remainder of my property, I give, devise and bequeath in equal shares to my children, Frances Edgar Hebbard, Alice M. Ollive, John C. March and Mary J. Thedford. In case any of said remaindermen are not living at the time of my death, the descendants of such person shall take the share to which he or she would be entitled if living. In case any of said remaindermen are not living at the time of my death and leave no descendants, the share to which such person would be entitled, if living, shall go to or for the benefit of his or her surviving sisters or brother or the descendants of those who may have died." *Page 392 
Between the date of the will and the death of testatrix, a period of twelve years, two events happened which affect the succession to her estate. Her son John died, and his only daughter Josephine married Mr. Kaercher and bore two children. So the question is presented whether the daughter is entitled to the whole of the share of the residue which was primarily given to her father, or whether the share must be divided in three equal parts among Mrs. Kaercher and her children. The case turns on the sentence, "In case any of said remaindermen are not living at the time of my death, the descendants of such person shall take the share to which he or she would be entitled if living." The parties agree that the word "remaindermen" refers to the residuary legatees, that is, Mr. Marsh and the other three children of testatrix. Mrs. Kaercher asks the court to narrow the meaning of "descendants" so as to exclude Mr. Marsh's grandchildren. The guardian argues that it should be given its ordinary import.
There is no doubt of the usual meaning of the word "descendants." It signifies children, grandchildren and other issue to the remotest degree. While there appears to be no New Jersey case in which this word has been defined, we have numerous decisions on the similar term "issue."
"The word `issue' in its ordinary legal meaning embraces grandchildren and remoter descendants, as well as children. When used in deeds, it has been adjudged to have a technical sense to that effect. Weehawken Ferry Co. v. Sisson, 17 N.J. Eq. 475.
But when used in a will a more restricted meaning may be attributed if, from the terms of the testamentary disposition, it clearly appears that the testator used the word in a particular meaning less general than its ordinary meaning. * * * To properly pursue this inquiry it is obvious that we must start with the assumption that the testator used the word in its ordinary signification. We must then examine the whole will and we will not be able to attribute to the word a more restricted meaning unless we find in the will itself clear indication that the testator used it in this case in such restricted meaning."Inglis v. McCook, 68 N.J. Eq. 27, 39. In that suit, Chancellor Magie was *Page 393 
unable to discover in the will any reason for restricting the meaning of issue and held that it included testator's grandchildren although children of a living child.
Vice-Chancellor Leaming in Security Trust Co. v. Lovett,78 N.J. Eq. 445, considered a will in which there was a primary gift to children of testator and then a substitution, "should either of my above named children die leaving issue, it is my will that the portion herein devised or bequeathed to such child or children shall be equally divided between their issue." The vice-chancellor, following Inglis v. McCook, directed that a deceased daughter's share should be distributed among her children and grandchildren per capita.
Counsel for Mrs. Kaercher cites several cases in which "descendants" has been construed to mean children, but in each of them, the will contained something to justify such a restricted meaning. For instance, in Snyder v. Greendale Land Co.
(Ind.), 91 N.E. Rep. 819, there was a devise to testator's children "and the descendants of such as may be dead, they to receive the parts respectively which their parents would have received if alive." The court decided that since parent means father or mother, the correlative term should be interpreted children. The same rule, applied to issue, is well illustrated in our reports. Coyle v. Coyle, 73 N.J. Eq. 528; Dennis v.Dennis, 86 N.J. Eq. 423; Pierson v. Jones, 108 N.J. Eq. 453;111 N.J. Eq. 357. In re Hickey (1917), 1 Ch. 601, dealt with a bequest to "the descendants of X or their descendants living at my death." In order to give some meaning to the word "descendants" in the latter half of the clause, the court narrowed the meaning of the same word where first employed, to children. These cases illustrate the principle that a restricted meaning may be given to a word if it clearly appears from the will itself that the testator used the word in that particular sense. But in the will before me there is nothing whatever to justify a departure from the ordinary meaning of "descendants."
Over objection and subject to a motion to strike, the draftsman of the will was permitted to testify to his instructions from testatrix in order to prove that she intended the substitutionary gift to go to her grandchildren, and that the *Page 394 
word "descendants" was not suggested by her. While his testimony was too uncertain to affect the outcome of the case, it will be struck because testimony of this character is incompetent.Hudson Trust Co. v. Horwood, 124 N.J. Eq. 20; Fidelity UnionTrust Co. v. Noll, 125 N.J. Eq. 106.
Mrs. Kaercher and her two children each takes one-third of the part of the estate which is in controversy.