## HENDRIE v. LOWMASTER et al.

### No. 10064.

Circuit Court of Appeals, Sixth Circuit.

Nov. 12, 1945.

William Brashear, of Detroit, Mich. (Fixel & Fixel, of Detroit, Mich., on the brief), for appellant.

Wilber M. Brucker, of Detroit, Mich. (Wilber M. Brucker, Bigham D. Eblen, and Clark, Klein, Brucker & Waples, all of Detroit, Mich., on the brief), for appellee.

Before SIMONS and ALLEN, Circuit Judges, and FORD, District Judge.

FORD, District Judge.

The question is whether the District Court correctly construed an order entered in 1936 by a former Judge of that Court confirming and putting into execution a plan for the reorganization of a corporate debtor, Michigan Buildings Company, in a proceeding under the provision of the Bankruptcy Act then designated as Section 77B, 11 U.S.C.A. § 207.

By the terms of the plan, all the assets of the debtor were transferred to The Mathews Company, another Michigan corporation, in exchange for a certain number of shares of its preferred and common capital stock and in further consideration of the agreement of The Mathews Company to assume and pay all costs of the reorganization proceedings and all liabilities of the debtor other than its outstanding first mortgage bonds and its capital liabilities consisting of Class A first preferred stock, Class B second preferred stock and common stock.

The debtor was adjudged insolvent. The plan provided for the exchange of the mortgage bonds of debtor for the stock of The Mathews Company at a specified rate upon the deposit of the bonds with the Trustee of the debtor within a prescribed time. It further provided that "After the expiration of the date fixed by the court for the deposit of bonds in exchange for stock, any stock of The Mathews Company remaining in the hands of the Trustee, not so taken up by bondholders, shall be turned over to the Michigan Buildings Company for distribution among its shareholders, * * *." The order confirming the plan and putting it into operation provided that upon the expiration of the period fixed by the Court for the exchange of bonds for stock, the unclaimed stock remaining in the hands of the Trustee, "shall be turned over to the last officers of the Michigan Buildings Company for pro rata distribution among its shareholders, * * *."

Upon petition of the appellants, holders of preferred stock of the debtor, the Dis-

trict Court construed the order to mean that the unclaimed stock in the hands of the Trustee be distributed to the holders of all classes of stock, share and share alike, "with no preference allowed to any one class of stockholders" and entered an order directing the distribution of the stock accordingly. From this order the present appeal is prosecuted.

The only appearance of ambiguity in the original order of the Court arises from the words "pro rata distribution among its shareholders." "'Pro rata' means according to a measure which fixes proportions. It has no meaning unless referable to some rule or standard." Chaplin v. Griffin, 252 Pa. 271, 97 A. 409, Ann.Cas.1918C 787; Brombacher et al. v. Berking et al., 56 N.J.Eq. 251, 39 A. 134.

The Articles of Association of the debtor provided that upon the liquidation of the assets of the corporation "the Class A preferred stock shall be entitled to receive its full par value with accumulative dividends before any distribution is made to the Class B preferred stock or the common stock," and "the Class B preferred stock shall be entitled to receive its full par value before any distribution is made to the common stock." Such corporate provisions conform to the laws of Michigan. See, Act 254, Mich.P.A.1917, § 1, amending Pub.Acts 1903, No. 232, § 35; and Sect. 73 of the Michigan General Corporation Act, Pub. Acts 1931, No. 327. Classification of the shares of stock as "first preferred," "second preferred" and "common" is set out in the schedule of creditors and claimants filed in the proceedings. In paragraph VI of the order in question, the Court recognized and approved this classification in these words: "VI. That the classification of creditors of and claimants against debtor and its property as set forth in the schedules filed in these proceedings and as set forth in this order be and the same are hereby adopted and approved."

 The meaning of an ambiguous judgment or order "must be determined by what preceded it and what it was intended to execute." Union Pacific Railroad Co. v. Mason City &c. Railroad Co., 222 U.S. 237, 247, 32 S.Ct. 86, 90, 56 L.Ed. 180. "Where a judgment is susceptible of two interpretations, it is the duty of the court to adopt the one which renders it more reasonable,

effective and conclusive in the light of the facts and the law of the case." Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871, 885.

 At the time of the entry of the order, the Bankruptcy Act contained no express provision governing the disposition of surplus assets of the character here involved, but it has been frequently held that under general equity principles surplus assets remaining unclaimed after the payment of all debts timely presented should be returned to the bankrupt, Wheeling Structural Steel Co. v. Moss, 4 Cir., 62 F. 2d 37, 40, and if the bankrupt is a corporation and its corporate existence has been terminated, the Court, in the exercise of its equity jurisdiction, may provide for such surplus to be distributed to its stockholders. Berl v. Crutcher, 5 Cir., 60 F.2d 440; Johnson v. Norris, 5 Cir., 190 F. 459, L.R.A.1915B, 884.

 Obviously the order in question was designed to provide for the distribution of the unclaimed stock to the shareholders of the debtor in conformity with the spirit of the Bankruptcy Act, upon equitable principles. Since it expressly prescribed no rule or standard of apportionment to which the phrase "pro rata distribution" is referable, the necessary implication is that it refers to the standard fixed by the corporate agreement under which the stock was issued in conformity with the law of the State.

We find nothing to warrant the assumption that the Court intended to disregard the relative rights of the several classes of stockholders by denying to preferred stockholders their contractual rights to preference over common stockholders.

We think the proper interpretation of the order is that the unclaimed stock of The Mathews Company remaining in the hands of the Trustee be apportioned to the shareholders of the debtor in proportion to their respective holdings, giving preference to the several classes of stockholders in accordance with the provisions of the Articles of Association of the corporate debtor, and that the District Court erred in construing the order otherwise.

Accordingly, the order of the District Court appealed from is reversed and the cause remanded for further proceedings consistent herewith.