IN THE MATTER OF THE ESTATE OF ANNA FROLICH, DECEASED.

Superior Court of New Jersey
Chancery Division

Decided April 15, 1952.

*Mr. John F. Evans,* attorney for plaintiff.

*Mr. David Harrison,* attorney for Louis H. Frolich.

STEIN, J. S. C.   Testatrix, Anna Frolich, died on June 4, 1940, leaving a will probated in the Surrogate's Court, Union County, New Jersey, on August 3, 1945, which provides as follows:

"FOURTH: In connection with my real estate located at 417 Jefferson Avenue, Elizabeth, New Jersey, I give unto my daughter, Henrietta Frolich, the right to occupy said premises, with the understanding that all costs and charges incident to the upkeep and maintenance of said house during the time she occupies such shall be paid for by her, which will include taxes, water rents, repairs and insurance, with the further understanding that in the event my daughter, Henrietta Frolich, desires to rent the same, she is privileged to do so and the rental received from the persons occupying said premises shall be retained by her as her sole property subject to her however, paying all expenses to maintain the property such as taxes, water rents, repairs and insurance as required and any excess over and above such charges being paid to be her sole property and in the further event that my daughter, Henrietta Frolich, desires and elects to have the property sold at any time, that upon her election to sell said property and upon her requesting the said executor of this my will to take any and all action to consumate the sale of such property, I give to my said executor, for the purpose of facilitating the transaction, full power and authority to grant, bargain, sell and convey, and mortgage, if necessary, said premises to any person or persons in fee simple or otherwise, at public or private sale, at such time and times and upon such terms as he shall think fit, with the hope, however, that in exercising this power of sale, my executor will take every means within his power to obtain the best price possible and the final decision with reference to whether said property should be sold by the executor, to be exercised by Henrietta Frolich, whose judgment in the matter of such sale shall be conclusive; and the net proceeds of the sale of said property shall be paid by my executor to the following named persons in the percentages stated:

> Two-tenths to my daughter, Theresa M. Tucker
> One-tenth to my son, Charles A. Frolich
> Three-tenths to my daughter, Henrietta Frolich
> One-tenth to my son, Louis H. Frolich
> Three-tenths to my son, William F. Frolich

In the event of the death of any one or more of the above mentioned children prior to the sale of the said property, in that event, I direct my executor to pay the share or shares that would have been payable to the deceased person or persons if living at the time of such sale to such of my children as hereinbefore mentioned who are still living at the time of such sale in equal shares.

FIFTH: I give, devise and bequeath to my daughter, Henrietta Frolich, all the rest, residue and remainder of my property, real, personal and mixed, of every kind and nature whatsoever."

Testatrix at the time of her death left her surviving the following children: Theresa M. Tucker, Charles A. Frolich, Henrietta Frolich, Louis H. Frolich, and William F. Frolich. The personal estate was distributed by the executor, William F. Frolich. Henrietta Frolich, as provided in the will, occupied the premises at 417 Jefferson Avenue, Elizabeth, New Jersey, and did not elect to have the premises sold prior to the time of William F. Frolich's death in 1949, nor at any time before her own death on February 21, 1951.

At the time of Henrietta Frolich's death in 1951, all but one of the children of Anna Frolich had died leaving issue surviving except Louis H. Frolich, who is still alive.

The said Henrietta Frolich by her will duly probated appointed the plaintiff, Walter M. Tucker, Sr., executor thereof with power of sale of the lands of which she died seized.

Acting under the power of sale plaintiff has contracted to sell the premises in question as lands of Henrietta Frolich and has filed complaint asking this court to determine the present ownership of 417 Jefferson Avenue, Elizabeth, New Jersey. He contends that, under the terms of the will of Anna Frolich, title to said premises was vested in Henrietta Frolich and that plaintiff, as executor of her estate, has the power to dispose of the same.

To determine the question here presented it becomes necessary to construe the will of Anna Frolich.

■■ It has long been settled and oft repeated in this State that testator's intention controls the construction of wills. *First Nat. Bank of Toms River v. Levy*, 123 *N. J. Eq.* 21, 195 *A.* 820 (*Ch.* 1938); *Crocker v. Crocker*, 112 *N. J. Eq.* 203, 164 *A.* 9 (*Ch.* 1933); *Holbrook v. Greene*, 125 *N. J. Eq.* 337, 5 *A. 2d* 730 (*Ch.* 1939). That the will must be read from its four corners and the intent of the testator gathered from the whole document. *Murphy v. Murphy*, 118 *N. J. Eq.* 108 (*Ch.* 1935), affirmed 119 *N. J. Eq.* 83, 180 *A.* 829 (*E. & A.* 1935); *Schaefer v. Gessler*, 121 *N. J. Eq.* 42,

188 *A.* 439 (*Ch.* 1936); *Van Nest v. Van Nest,* 126 *N. J. Eq.* 234, 8 *A.* 2*d* 558 (*E.* & *A.* 1939).

It is quite apparent from a reading of this will that the primary object of testatrix' bounty was her daughter Henrietta. By the first paragraph she gave her all her household furniture and personal effects of every nature except a clock which she gave to a son. By the third paragraph she gave her a certificate in a building and loan association having a value of $500. By the fifth paragraph she gave her the remainder of her estate. The only other paragraph of the will concerning the disposition of part of her estate is the fourth paragraph hereinabove reproduced. By that paragraph testatrix gave her daughter the right to occupy her residence at 417 Jefferson Avenue, Elizabeth, New Jersey, with the obligation of paying all costs and charges incident to its upkeep and maintenance. She also gave her daughter the sole right to require the executor to sell the property. If and when sold the proceeds of such sale were to be distributed among testatrix' children in varying proportions. Henrietta was included among such children. The will further provides that in the event of the death of any one or more of said children prior to the sale of the property, such share or shares of said deceased person or persons be paid to the surviving children in equal shares.

The conclusion is inescapable that what testatrix intended by this paragraph was to give her daughter Henrietta a life estate in said property with the right to terminate such life estate at any time she chose by requiring the executor to sell the property. Upon the termination of the life estate either by sale or Henrietta's death, the remainder was given to those children who were living at the time of the happening of either event. That such was testatrix' intent is borne out by the fact that Henrietta was included as one of the beneficiaries of the remainder upon a sale of the property. While it is true that Henrietta had the final say as to when the property was to be sold during her lifetime, yet the provision of the second part of paragraph 4 would

be meaningless, unless it carried with it an implied power in the executor to sell the property upon Henrietta's death and to distribute the proceeds to the surviving children.

It is urged by the plaintiff that Henrietta had only a life estate in the property and since she did not elect during her lifetime to have the property sold the remainder passed to her by the residuary clause of the will. To place such a construction upon this will would do violence to the apparent intent of the testatrix. Had she intended such a result, it would have been an easy matter for her to have given this property to Henrietta outright, as she did with practically all of the balance of her estate.

The surviving child is entitled to have the property sold and the net proceeds thereof paid to him.

Judgment accordingly.