# Koenig's Appeal.

1. A testator directed the proceeds of all his estate to be equally divided among his "children or their heirs." He appointed Koenig trustee of the share given to his daughter Ann, a married woman. He gave to the trustee for the use of his daughter and her children a house, &c., at a sum named, "and the balance of her legacy shall be put on interest for my said daughter, and the interest is to be paid to her every year during her life, and after her decease, the house and lot of ground, and the principal sum or balance of her legacy aforesaid is to go to her children. But if my daughter Nancy should survive her husband, I order her trustee to overturn and assign all and everything coming to her as legacy and bequest in this will mentioned to her and her heirs and assigns for ever." *Held*, that the trust was solely to protect the trust property from the daughter's husband.

2. The daughter was afterwards divorced. *Held*, that the trust ceased.

3. No matter what may be the nominal duration of an estate given by will to a trustee, it continues in equity no longer than the thing sought to be secured by the trust demands.

4. A devise to trustees and their heirs will be cut down to an estate for life or for years, if such lesser estate will be sufficient for the purposes of the trust.

5. A trust for the separate use of a married woman ceases on her divorce

[Koenig's Appeal.]

or her husband's death, though vested in the trustee in fee and he be required to collect and pay over the income; not because the trust is not active, but because it is special.

March 2d 1868. Before STRONG, READ, AGNEW and SHARSWOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Appeal from the Orphans' Court of *Berks county*: Of March Term 1868.

This appeal was taken by Christian Koenig, trustee of Ann Smith, under the will of John Rickenbach, deceased.

The decedent by his will, dated September 24th 1845, and proved June 25th 1845, directed his personal and real estate to be converted into money, and further provided as follows:—

"5. It is my will that the proceeds of my real estate and personal property shall be equally distributed and divided, share and share alike, among all my children or their heirs. Only my daughter Nancy, married to Thomas Smith, shall receive $200 less than either of the others.

"6. I authorize and empower Christian Koenig, of Bern township, as trustee over all the full share and legacy and property which I may give unto my daughter Nancy. And I do hereby give and bequeath into the hands of said trustee, for the use and benefit of my said daughter Nancy and her children, the house and lot of ground, situate, &c., which property shall be put unto her for the same sum as it cost me, and the balance of her legacy shall be put on interest for my said daughter, and the interest is to be paid to her every year during her life, and after her decease, the house and lot of ground, and the principal sum or balance of her legacy aforesaid is to go to her children.

"But if my daughter Nancy should survive her husband, Thomas Smith, in such case I order and direct her trustee to overturn and assign all and everything coming to her as legacy and bequest in this will mentioned to her and her heirs and assigns for ever."

On the 24th of May 1856, Ann Smith, on her own application, was divorced *a vinculo matrimonii*.

On the 15th of September 1866, she petitioned the Orphans' Court, setting forth the provisions of her father's will and her divorce, and also "That the said Christian Kœnig has received as trustee $895, which he refuses to pay over to her, and has not rendered an account, and praying a citation to him to appear and file an account, and show cause why the balance in his hands should not be paid over to her."

On the 23d of May 1867, Christian Kœnig answered the petition, and exhibited and filed his account, showing a balance in his hands of $890.91, principal. He admitted the facts set forth in the petition, but stated that he did not feel warranted to pay

7 P. F. SMITH—23

over said balance to the said Anna R. Smith, because the will provides that in case the said Anna should survive her husband, then her trustee should overturn and assign all that is bequeathed to her and her heirs and assigns for ever; that the said Thomas Smith is still alive. He therefore prayed to be discharged.

On the 3d of August 1867, the court (Woodward, P. J.) decreed that the trustee should pay the trust fund to the petitioner.

From this decree Kœnig appealed, and assigned the decree for error.

*J. S. Livingood*, for appellant, cited Steacy *v.* Rice, 3 Casey 75; and commented on Reiffsnyder *v.* Hunter, 7 Harris 41; Walker *v.* Vincent, Id. 369; Kuhn *v.* Newman, 2 Casey 227; Barnett's Appeal, 10 Wright 392; Bush's Appeal, 9 Casey 88; Wintercast *v.* Smith, 4 Rawle, 177; Fink *v.* Hake, 6 Watts 131; Flory *v.* Becker, 2 Barr 470.

*B. F. Boyer*, for appellee, referred to Steacy *v.* Rice, Fink *v.* Hake, Flory *v.* Becker, *suprà;* Bishop on Marriage and Divorce 655, 669; Kintzinger's Estate, 2 Ashmead 455; Legg *v.* Legg, 8 Mass. R. 99; Anstey *v.* Manners, Gow's R. 10.

The opinion of the court was delivered, March 9th 1868, by

STRONG, J.—By his will, made in 1845, the father of the appellee made provision for the conversion of all his personal estate into money, and for the disposition of all his realty, at certain stipulated prices. He then directed that the proceeds of all his real and personal estate should be equally divided among all his children, or their heirs, except that his daughter Nancy should receive $200 less than either of the others. Had this been all, Nancy, the appellee, would have taken the absolute legal ownership of all that was thus given to her. But as she was then intermarried with Thomas Smith, in view of her coverture the testator added the following: "I authorize and empower Christian Koenig, of Bern township, as trustee over all the full share and legacy and property which I may give unto my daughter Nancy. And I do hereby give and bequeath into the hands of said trustee, for the use and benefit of my said daughter Nancy and her children, the house and lot situate opposite Darrah & Young's steam mill, in Maiden Creek township, Berks county, which I bought at sheriff's sale, which property shall be put unto her for the same as it cost me, and the balance of her legacy shall be put on interest for my said daughter, and the interest is to be paid to her every year during her life, and after her decease, the house and lot of ground, and the principal sum or balance of her legacy aforesaid, is to go to her children. But

if my daughter Nancy should survive her husband Thomas Smith, in such case I order and direct her trustee to overturn and assign all and everything coming to her as legacy and bequest in this will mentioned, to her and her heirs and assigns for ever."

In 1856 Nancy Smith, the appellee, was divorced from her husband, the said Thomas Smith (*a vinculo matrimonii*), and the question now raised in this record is, whether she is entitled to have her interest under her father's will transferred to her absolutely. The trustee, Christian Koenig, resists such a transfer for the reason that Thomas Smith, though not now her husband, is still living.

It cannot be doubted that the trust was created for a single purpose. That was, to protect the property given at first absolutely to Mrs. Smith, against her husband. When the will was made, the Act of 1848, known as the Married Woman's Law, had no existence. Had the trust not been created, as the law then stood, Thomas Smith would have been entitled to all the personal property and to the usufruct of the realty. The trust could have had no other object than to guard against this. It was not to support a remainder to the children of the testator's daughter, for he gave at first the absolute ownership to her and then, after having organized the trust, directed that the property should be assigned to her in fee without regard to any remainder in her children, if she survived her husband. But if the sole purpose of the trust was to protect the wife's estate against her husband, it is manifest that purpose was fully accomplished when the coverture ceased. The divorce of the parties terminated all possibility of the husband's interference with the property bequeathed and devised to the wife, as completely as his death would have done. Then why should the trust be continued after its exigencies have been met? It matters not what may be the nominal duration of an estate given by will to a trustee. It continues in equity no longer than the thing sought to be secured by the trust demands. Even a devise to trustees and their heirs will be cut down to an estate for life, or even for years, if such lesser estate be sufficient for the purpose of the trust. See Hill on Trustees 239, *et seq.*, where many cases are collected. There can be no doubt that a trust for the separate use of a married woman ceases on the death of her husband, or on her divorce from him, and this though vested in terms in the trustee in fee, and though he be required to collect and pay over the rents and interest, not because such a trust is not an active one, but because it is special, and either the death or divorce renders its continuance unnecessary. If then the trust in Christian Koenig was instituted, as we think the will clearly shows, solely to protect the appellee's property against her husband, it terminated when by the divorce it became useless as a means of such

protection.   The appellee is therefore entitled to a transfer of the.
property to her.

The decree of the court below is affirmed.