## Lee's Estate.

*Trust and trustees—Separate use trust—Termination of trust—Divorce—Will.*

Where the will of a testator places a bequest to his daughter in trust for her, the trust to end in the event of the husband's death before hers, and the sole purpose of the trust is to protect her estate from her husband, a divorce between the daughter and her husband will end the trust.

Argued Oct. 27, 1903. Appeal, No. 12, Oct. T., 1903, by Robert A. Lee, trustee, from decree of O. C. Allegheny Co., Sept. T., 1902, No. 389, directing trustee to file an account in

estate of Andrew J. Lee, deceased. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for an order directing trustee to file an account.

From the record it appeared that the purpose of the proceeding was to secure the termination of a trust created by the will of Andrew J. Lee in favor of Annie E. Blackmore. Prior to the filing of the petition a decree had been entered in the court of common pleas divorcing Annie E. Blackmore from her husband, Jacob E. Blackmore. The material portion of testator's will was as follows:

"Item Thirteen—I give, devise and bequeath the remaining one of the said five equal shares or parts unto my son Robert Lee and my daughter Annie E. Blackmore, as Trustees to have and to hold the same for the following uses and purposes to wit: To collect the rents, issues and profits, to from time to time invest the principal thereof, and collect the rents, issues and profits of the fund so invested, and pay over such rents, issues and profits unto my said daughter Annie E. Blackmore during the term of her natural life, with full power and authority in said trustees to pay over to my said daughter Annie E. Blackmore the whole or any part of the corpus of the estate herein devised to said trustees as they in their discretion may deem proper. In the event of the death of the present husband of my said daughter, viz: Jacob E. Blackmore before his said wife, then in such event said trust shall cease and determine, and the estate herein devised to said trustees shall vest in my said daughter Annie E. Blackmore absolutely. In the event, however, of the death of my said daughter before her said husband, then and in such event, any unexpended balance of the estate herein bequeathed and devised to said trustees, principal or income, shall go to and vest in the children of said Annie E. Blackmore share and share alike; if any of such children shall have died leaving issue, then such issue shall take the parent's share by representation."

The court held that the trust had terminated upon the entry of decree of divorce, and directed the trustee to file an account with a view to the settlement of the trust estate.

*Error assigned* was the decree of the court.

*H. K. Siebeneck*, with him *S. Schoyer* and *John P. Hunter*, for appellant.

No paper-book nor argument for appellee.

PER CURIAM, November 9, 1903 :

The will of testator placed the bequest to his daughter in trust for her, the trust to end in the event of the husband's death before hers ; that event did not occur, but the marriage relation was dissolved by a decree in divorce. Evidently, the sole purpose of the trust was to protect her estate from the husband Jacob E. Blackmore ; the law has severed the matrimonial bond as effectually as death could have done ; therefore, the sole purpose of the trust being at an end, the daughter is entitled to the estate. So the court below on the authority of Koenig's Appeal, 57 Pa. 352, rightly decided.

The decree is affirmed on its opinion.