This is an action for the specific performance of a written contract for the sale of real estate situated in the city of Newark. Defendants refuse to take title to the premises in question and set up in their answer as an excuse for their refusal that the premises in question were purchased by one Neil C. Jenson in November, 1922. The answer further sets up that by virtue of a decree of the circuit court of Cook county, in the State of Illinois, made on March 19th, 1923, in a case where Christina D. Jenson was complainant and the said Neil C. Jenson was defendant, it was decreed that the bonds of matrimony existing between the said parties by reason of their marriage on March 31st, 1893, in Illinois, should be dissolved, because defendant willfully deserted complainant. The answer further sets up that by virtue of the statutes of the State of Illinois (Rev.Stat. 1845 p. 199 ¶ *Page 160 12) rights of dower are not barred by reason of a divorce if the husband of the doweress has committed the acts upon which the decree of divorce is based, and defendants therefore aver that by reason of the laws of Illinois the rights of the said Christina D. Jenson to dower in the lands of Neil C. Jenson, her husband, and particularly in the premises in question, still remains in full force and effect. The bill alleges that Neil C. Jenson has recognized the validity of the decree of divorce, for in the deed conveying the said premises from himself to Philip Korn and wife, dated April 28th, 1923, he described himself as unmarried.
Complainant has now moved to strike out the answer on the ground that it does not present any defense to this action, because under the laws of this state, in which the premises in question are located, the divorce of Christina D. Jenson from her husband barred any rights of dower that she had in the premises in question, and that the laws of this state, and not of the State of Illinois, are controlling in the situation, and that there is no dower right in Mrs. Jenson to affect the marketability of the title which complainants tendered to the defendant for the premises in question by a warranty deed, as required by the terms of the contract.
It will be seen by this recital that the question thus presented for determination is whether the laws of the State of Illinois or of this state are to control in the matter of dower in lands in this state.
Under our statute relating to dower the widow of any person dying intestate, c., c., shall have dower in any lands in this state whereof her husband was seized of an estate of inheritance during the coverture. 2 Comp. Stat. p. 2043 § 1.
The statute, it will be observed, requires the existence of three elements to establish a right of dower in lands in this state, viz.: (1) the marriage of the parties; (2) the seizin of the husband, and (3) the continuation of the marriage until the husband's death.
A widow is defined as a woman who has lost her husband by death and is still unmarried. Stand. Dict. *Page 161 
In the present situation the marriage between Jenson and his wife was dissolved by the decree of divorce. Mrs. Jenson is therefore no longer his wife, and, unless she remarried him, could not be his widow at his death.
The continuation of the marriage is an essential element of the estate, and it must subsist at the death of the husband in order to entitle his widow to dower.
In Pullen v. Pullen, 52 N.J. Eq. 10, Chancellor McGill held, "A woman cannot have dower who is not the wife of the man, in whose lands she claims it, at the time of his death." By the decree of divorce, Mrs. Jenson ceased to be the wife of Jenson in March, 1923, the date of the decree.
It is the general rule that the widow's right of dower in her husband's lands is determined by the law of the state where the property subject to dower is located.
See 19 Corp. Jur. 462, 506, where cases in the various states are collected. See, also, Burnet v. Burnet, 46 N.J. Eq. 144; 2Bish. Mar. Div. § 1633.
And it has been held generally that a valid divorce from the bonds of matrimony, for the fault of either party, cuts off the wife's right of dower, and the husband's tenancy by the curtesy, unless the same is expressedly or impliedly preserved by the statute of the state in which the real estate is situated.Barrett v. Failing, 111 U.S. 523.
There is no such express preservation of dower in our statute, and I am unable to find any such preservation that can be implied from its provisions.
As there is not outstanding in Mrs. Jenson any right of dower in the premises in question, it follows that the defense presented by the answer is without merit, and does not justify defendants in their refusals to perform their contract and to take title to the property. The motion to strike the answer must prevail, and the decree for specific performance should be granted. *Page 162