Complainant is the son of Adelaide W. Greenleaf, who died September 30th, 1930, leaving a last will and testament dated July 1st, 1927, and probated in the surrogate's office of the county of Union October 11th, 1930. The bill prays construction of the will of testatrix, declaration of complainant's rights thereunder, and a decree adjudging that the trust created by said will has terminated and that complainant is entitled to receive the corpus thereof. *Page 501 
In her will testatrix leaves the rest, residue and remainder of her estate, real and personal, to her husband, George Edward Greenleaf, or in the event of his death, inability or failure to act at the time of her death, or at any time thereafter, to The Plainfield Trust Company of Plainfield, in trust, nevertheless, to be held by him, or it, and invested and reinvested and kept safely and securely invested upon certain terms and conditions.
The pertinent portion of the will then provides:
"In the event of the death of Jeane Greenleaf, nee Jeannette B. Carter, sometimes known as Jeane Joyce, the wife of my said son George Elton Greenleaf, during the life of my said son, and subsequent to the death of my said husband, said trust shall terminate and the corpus thereof I give, devise and bequeath to my said son George Elton Greenleaf absolutely and forever. In event of the death of Jeane Greenleaf, nee Jeannette B. Carter, sometimes known as Jeane Joyce, the wife of my said son George Elton Greenleaf, during the lives of my said son and of my said husband, said trust shall terminate and the corpus thereof I give, devise and bequeath to my said husband George Edward Greenleaf, absolutely and forever. Upon his death, subsequently, I request him to give, devise and bequeath such of the property as he may then possess, of which he may die seized, to our son George Elton Greenleaf."
Complainant's father predeceased the testatrix and The Plainfield Trust Company qualified as trustee. At the time of the death of testatrix complainant was living with his wife. On January 23d 1931, complainant filed in this court a petition for absolute divorce which resulted on July 22d 1935, in a final decree of divorce. No issue was born of their marriage.
Complainant contends that it was the intention of the testatrix, manifested by her will, and from the circumstances surrounding the making thereof, that if Jeane Greenleaf should cease to be his wife by reason of death or divorce, the trust was to terminate.
The evidence adduced before me shows that the son had complained concerning his wife to his mother and that divorce was discussed and contemplated during the lifetime of testatrix and before she executed her will; that testatrix told complainant and other persons on several occasions, both *Page 502 
before and after the execution of her will, that she wanted complainant to have her property and that she did not want his wife to share in any part of it.
The rule is well established in this state that the intention of the testatrix is the law of wills and that when her intention is ascertained, if not in violation of the rules of law, it will prevail over technical rules and words in their technical or even ordinary meaning, but when the terms of the will are clear and unambiguous and the words used are not technical and have a common and ordinarily accepted meaning, the court will not say that the testatrix meant something different from what she said, unless her contrary intent is clearly manifest.
The statements attributed to the testatrix and the circumstances surrounding the making of her will cannot overcome the clear and unambiguous terms of her will. The will admits of no other construction than that the testatrix intended the trust to terminate upon the death of Jeane Greenleaf and not when she ceased to be complainant's wife.
In some jurisdictions where a trust is created for the benefit of a wife, the trust to terminate upon the death of the husband, and the probable intention of the testator was to preserve the estate as against the husband, it has been held that a divorce to the wife terminates the trust just as effectively as the husband's death. Koenig's Appeal, 57 Pa. 352; In re Lee'sEstate, 207 Pa. 218; 56 Atl. Rep. 425; In re Cornils' Estate,167 Iowa 196; 149 N.W. Rep. 65; Cary v. Slead, 220 Ill. 508;77 N.E. Rep. 234.
In this state, however, a contrary view obtains. In New JerseyTitle Guarantee and Trust Co. v. Perry, 115 N.J. Eq. 8, a somewhat similar clause was before the court for construction. There the testator gave $5,000 in trust for his niece, to pay her the income for life, provided "that if she shall become a widow at any time or shall be a widow at the time of my death, said fund with all accruals shall be paid to her immediately." Subsequent to the death of the testator the niece divorced her husband. Thereupon she requested the trustee to pay her the principal. We held complainant *Page 503 
not entitled to the principal, since the will provided that a single event must happen to entitle the niece to receive the principal of the trust. And we there said, "divorce puts an end to the marriage relation but the divorced wife is not a widow in contemplation of law. Swallow v. Swallow's Adm'r, 27 N.J. Eq. 278; Bell v. Smalley, 45 N.J. Eq. 478; Crocheron v. Fleming,74 N.J. Eq. 567; Block v. P. G. Realty Co., 96 N.J. Eq. 159;40 Cyc. 394." Conversely a divorce to the husband is not tantamount to the death of the wife. It cannot be said therefore that the divorce to complainant terminated the trust so as to entitle complainant to the principal of the estate.
The bill will be dismissed.