George J. Ryan died on May 8th, 1921, leaving a last will and testament probated by the surrogate of Union county on May 21st, 1921, in which he appointed Hippolyte A. deRaismes, executor and trustee. The will contained a number of bequests in one of which he gave to Ella J. Brigham the sum of $5,000 "if she survive me" and in another of which he gave to Anna T. Morehead the sum of $3,000. In the remainder of the bequests the testator designated the beneficiaries named therein either as his cousin or hisfriend.
In the residuary clause of his will the testator disposed of the remainder of his estate as follows:
"Twelfth: I give, devise and bequeath all the rest, residue and remainder of my estate, whether real, personal or mixed of whatsoever *Page 612 
kind, character or description and wheresoever situated unto Hippolyte A. deRaismes my Executor and Trustee hereinafter named and hereby direct and empower my said Executor and Trustee to sell and dispose of the same either at public or private sale and do further direct my said Executor and Trustee to divide and distribute the proceeds of such sale or sales to such of my relatives and friends herein named in this my will, such proceeds to be divided between the said relatives and friends according to the fractional interest hereinbefore devised to each of them bears to the whole interest of my real and personal estate after the same has been so disposed of and sold by my said Executor and Trustee."
The testator's real and personal property was converted into cash and the executor paid the legacies but distributed the remainder of the estate to all of the persons named in the will including Ella J. Brigham and Anna T. Morehead.
The executor and trustee died on May 2d 1929, and in the year 1932 it was discovered that the testator died seized of a parcel of real property in the State of Texas. On September 20th, 1932, Raoul H. deRaismes, one of the complainants, was appointed administrator with the will annexed, and he leased the Texas property for $640. This sum was also distributed but at this time both Ella J. Brigham and Anna T. Morehead were dead, the former having died on January 22d 1925, the latter on October 18th, 1929, and their respective estates shared in the distribution.
On May 22d 1936, the said Raoul H. deRaismes was appointed trustee of the estate of the said George J. Ryan and entered into another lease for the Texas property under which he received the sum of $4,000.
Complainants, who are residuary legatees under the will, now dispute the right of the beneficiaries under the respective wills of Ella J. Brigham and Anna T. Morehead to share in this additional asset upon the ground that the testator did not in his will designate either of them as a relative or friend.
The bill of complaint prays construction of testator's will and a declaration of complainants' and defendants' rights thereunder.
The intention of the testator is the law of wills and when his intention is ascertained, if not in violation of the rules of law, it will prevail over technical rules and words in their *Page 613 
technical or even ordinary meaning, but when the terms of the will are clear and unambiguous and the words used are not technical and have a common and ordinarily accepted meaning, the court will not say that the testator meant something different from what he said, unless his contrary intent is clearly manifest. Greenleaf v. Plainfield Trust Co., 122 N.J. Eq. 500.
The intention of the testator is to be ascertained from the four corners of the will.
Reading the twelfth clause in connection with the various bequests it at once becomes apparent that the testator designated in each instance which of his beneficiaries were relatives and which were friends. In one instance he went so far as to designate a beneficiary as a relative and a friend. He did not designate Ella J. Brigham or Anna T. Morehead as either. It was clearly his intention to dispose of the remainder of his estate to his named relatives and friends to the exclusion of Ella J. Brigham and Anna T. Morehead.
But it is urged by defendants that the construction already placed upon the will by the parties in interest should now be adopted by the court. In Fink v. Harder, 111 N.J. Eq. 439, it was held that where parties in interest have practically construed a will and allowed a beneficiary named therein to possess and enjoy a devise, relying upon the devisee's assumed right thereto, the parties to such practical construction may be regarded as being estopped from asserting the contrary. This is true where the will is ambiguous. Not so here where the will lacks ambiguity. Here, the will cannot be construed with reference to any construction theretofore given to it by the parties, but must be construed according to the testator's plain intention. Vrooman v. Virgil, 81 N.J. Eq. 301.
A decree will be advised in accordance with the foregoing.
 *Page 1