## Moore's Estate

*Henry L. Schimpf, Jr.*, for exceptants.

*Harry J. Likoff* and *George F. Lowenthal*, amicus curiæ, contra.

VAN DUSEN, P. J., February 10, 1939.—Testator left a fund to pay the net income to his grandson during the natural life of his grandson's then wife, and on the death of the wife, or of the grandson, to pay the principal to the grandson, if living, and if not, to his descendants. The grandson and his wife have been divorced. The auditing judge concluded that this divorce was not equivalent to a termination of "the natural life" of the grandson's wife, and that the trust continued. In this conclusion we all agree.

The learned counsel for exceptant relies on Koenig's Appeal, 57 Pa. 352, and Lee's Estate, 207 Pa. 218, and argues that Henry's Estate, 271 Pa. 416, is distinguishable on its facts. We have recently discussed these cases in Simon's Estate, 34 D. & C. 475, and it will serve no good purpose to do so again. Moreover, we observe that these cases, as well as all the cases of that type, concern sole and separate use trusts for married women. Such trusts can only be created for married women. Simon's Estate, supra.

The reason for the decision in Koenig's Appeal, supra, never existed at any time with respect to a married man.

It is true that whatever property is owned outright by a married man or a married woman is subject to the

right of the surviving spouse to take against the will, and that this right ends by divorce as well as by death. This consideration was operative at the time of the decision in Henry's Estate, supra, but it did not affect the result. We cannot use conjectured motives to alter plain language.

The exceptions are dismissed and the adjudication is confirmed absolutely.