The bill of complaint is filed to quiet title. The written stipulation of facts discloses that William W. Greene a resident of the State of New York died seized of premises situated in the city of Summit, December 30th, 1894, leaving a last will and testament, dated March 4th, 1884, which was *Page 338 
probated in the surrogate's court of New York county on January 11th, 1895. The will provided as follows:
"1st: After paying all my just debts and funeral expenses I give, devise and bequeath to my son Richard H. Greene for his use during his life all of my property goods and chattels of every kind both real and personal with privilege to manage the same to best of his opinion to sell, dispose or exchange as he may think best for the estate. After the death of my son R.H. Greene, I will it to go to my grandchildren or child if there are any living if there are none living then to my legal heirs in a legal way."
When the will was executed testator was a widower seventy-eight years of age. He had one child, Richard Henry Greene, the life tenant, and two grandchildren, Marshall Greene, aged fourteen, and Edna Greene, aged ten, the children of Richard Henry Greene. Marshall Greene died before his father, Richard Henry Greene, the life tenant, on March 23d 1921, intestate, leaving him surviving two children, the defendants Richard S. Greene and Mary W. Massey, and his widow, Anna S. Greene. Edna (now Edna Greene Holbrook), the sister of Marshall Greene, is the complainant. She claims that on the death of her father the life tenant, the entire estate vested in her. Defendants Richard S. Greene and Mary W. Massey, the children of Marshall Greene, contend that upon the death of the testator (their great-grandfather) the remainder vested in their father Marshall and their aunt Edna, and that upon the death of their father his share of their great-grandfather's estate passed to them, as his children and heirs-at-law. The controversy necessitates a construction of the will of the testator, William W. Greene.
The meaning and intention of the testator must be determined, not by fixing the attention on single words in the will but by considering the entire will and the surroundings of the testator when he executed the will, and by ascribing to him, so far as his language permits, the common impulses of our nature. Murphy v.Murphy, 118 N.J. Eq. 108; 177 Atl. Rep. 682.
Considering the circumstances at the time of the making of this will, it is clear that the testator had grandchild in mind, when he used the word "child" in his will when he *Page 339 
said "* * * I will it to go to my grandchildren or child * * *." (Italics mine.) He was then an old man and had but one child to whom he left a life estate, and when testator provided that his estate was to go to "my grandchildren or child" after the death of his son, it cannot be that he employed the word "child" meaning his son. The testator undoubtedly intended that after the death of the life tenant his estate should go to his grandchildren or grandchild.
The rule is well established in this state that the intention of the testator is the law of wills and that when his intention is ascertained, if not in violation of the rules of law, it will prevail over technical rules and words in their technical or even ordinary meaning, but when the terms of the will are clear and unambiguous and the words used are not technical and have a common and ordinarily accepted meaning, the court will not say that the testator meant something different from what he said, unless his contrary intent is clearly manifest. Greenleaf v.Plainfield Trust Co., 122 N.J. Eq. 500; 195 Atl. Rep. 303. See, also, Holbrook v. Shepard, 220 N.Y.S. 757; affirmed, 245 N.Y. 618. *Page 340