This cause was instituted by the complainant, sole surviving trustee of the trust established under the will of Edward M. Burnett who died February 9th, 1932, leaving a last will and testament dated January 15th, 1929, in and by which he appointed the complainant and D. Frederick Burnett and the survivor of them, as his executors and trustees. The will was duly probated and the executors and trustees qualified thereunder. D. Frederick Burnett, one of the executors and trustees, died April 22d 1940, prior to the completion of the administration of the estate. The complainant as surviving executor completed the administration of the estate and filed his final account with the surrogate of Union County, which account was allowed by decree entered December 21st, 1945, and in which decree it was ordered that the balance of the funds in the hands of complainant as executor should be distributed to the general legatees as payment on account of the interest due to them, which payments exhausted the assets of the estate and left nothing for the residuary legatees, namely, Rutgers University and Princeton University.
Complainant now holds as surviving executor certain trust funds devised to him by the thirty-seventh paragraph of decedent's will. That paragraph provides:
"37. I give and bequeath unto my Executors, hereinafter named, and the survivor of them, in trust nevertheless to and for the following uses and purposes, to-wit: the sum of Fifty Thousand Dollars *Page 515 
($50,000) to be divided into two (2) equal parts; one part to be expended to erect a permanent memorial to my son, Aaron W. Burnett, and to be placed in the City of Akron, Ohio; the other part to be expended to erect a permanent memorial for Edward M. Burnett, and to be placed in Union, Union County, New Jersey. I leave the nature of each memorial to the sound and absolute discretion of my Executors but it is my recommendation that the same should take the form of something of general public usefulness."
Complainant seeks construction and instruction and sets forth a plan for the use of the fund held by him under the provisions of this article. Complainant proposes that the fund for the erection of a memorial in Union, Union County, be divided into two parts, one such part to be paid to the trustees of Rutgers College and the other to the trustees of Princeton University, each to be used to erect and establish the "Edward M. Burnett Memorial Fund," the income of which is to be used for the "Edward M. Burnett Scholarships," to be awarded to worthy and deserving students residing in the Township of Union. The trustees of Rutgers College and the trustees of Princeton University in their answers join in the prayers of the bill and the proposal of the complainant as to the use of such fund, while the Township of Union by its answer objects to such proposal.
In construing article 37 of testator's will, the intention of the testator is controlling. Kent v. Armstrong, 6 N.J. Eq. 637; McCracken v. Gulick, 92 N.J. Eq. 214; 112 Atl. Rep. 317;Garabrant v. Callaway, 113 N.J. Eq. 424; 167 Atl. Rep. 1;Holbrook v. Greene, 125 N.J. Eq. 337; 5 Atl. Rep. 2d730. The language in the above quoted article indicates that it was the intention of the testator that the funds held thereunder were to be used to perpetuate his memory in the minds of the residents of the Township of Union. It is equally clear from the language there used by the testator that he intended that the nature or character of the memorial was to be left to the "sound and absolute discretion" of his executors. It is contended by the Township of Union that the language used by the testator, namely, "to erect a permanent memorial" for him "to be placed in Union" prevents the adoption by the complainant of the plan advanced by him as trustee. I do not agree that such language has this effect. *Page 516 
The word "erect" is defined in the 1929 edition of Webster'sNew International Dictionary to mean, among other things, "to set up or found (an office, institution, etc.), to initiate (or project)." Similar definitions are set forth in Shorter OxfordEnglish Dictionary (1933 ed.), and in Funk Wagnalls' NewStandard Dictionary of the English Language (1937 ed). I am of opinion that the institution, founding or establishing of a perpetual memorial is well within the recognized meaning of the word. "Permanent" in the will used as an adjective modifying "memorial," is defined by Webster as "continuing in the same state, or without change that destroys form or character, remaining unaltered or unremoved; abiding; durable; fixed; stable; lasting." Webster says that it means: "anything intended to preserve the memory of a person or event; something which serves to keep some person or thing in remembrance as a monument or practice."
If the funds are used as planned by the trustee, there will be established a charitable trust to be held in perpetuity, which by operation of law will be durable, lasting and unchanged. Moreover, the testator intended that the complainant as trustee should have wide latitude in determining the use to which the funds for the memorials should be put. The nature of each memorial was left "to the sound and absolute discretion" of complainant, and the only limitation (if such it be) which the testator placed upon the exercise of that discretion was his "recommendation that the same should take the form of something of general public usefulness." And I entertain no doubt but that the testator intended a portion of his estate to be used for scholarships. At the time the will was executed and when the testator died, he possessed ample assets available for the purposes expressed in article 41 where he devised his residuary estate to Rutgers University and Princeton University the income of which was to be "devoted to and constitute scholarships, each of which may be named and/or known, if it so please the authorities of said institutions, although it is not mandatory, as; `Edward M. Burnett Memorial Scholarship.'" *Page 517 
The only objector to the use proposed by complainant is the Township of Union. No objection has been raised by any of the parties defendant to the use proposed of the fund bequeathed to establish a memorial in Akron, Ohio.
The legal principle applicable in cases such as the one presently before the court where the trustee is invested with discretion is as follows: "Where a power is coupled with a trust or duty, a court of equity will enforce a proper and timely exercise of the power; but if it be given upon a trust to be exercised in the discretion or upon the judgment of the trustee, the court will not interfere with the trustee's discretion in executing the trust unless he has exercised his discretion malafide." Read v. Patterson, 44 N.J. Eq. 211; Larkin v. Wikoff,75 N.J. Eq. 462; 79 Atl. Rep. 365; Fidelity Union Trust Co. v.Dignan, 105 N.J. Eq. 750; 146 Atl. Rep. 466; Tansey v. NewBrunswick Trust Co., 124 N.J. Eq. 558; 3 Atl. Rep. 2d 575.
Here it is not charged that the complainant's decision in favor of scholarships for Union residents at the two universities (scholarships of a kind similar to those which the testator had vainly sought to establish under the residuary clause of his will) represents an abuse of his discretionary power. The sole question therefore is whether the trustee has the power to apply the fund to the use proposed and whether such use is within the authority conferred upon complainant by testator's will. The universities have agreed to accept and to use the funds accordingly. Thus, the memorial will be established. The plan proposed by the complainant carries out the intention of the testator and comes within the authority delegated to him by the provisions of article 37. Present decree. *Page 518