[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These are consolidated appeals by the plaintiff, LePage Homes, Inc., from denials by the defendant, Southington Planning and Zoning Commission ("PZC"), of the plaintiffs resubdivision application (CV 00 0504473) and a subdivision application (CV 00 0504943).
The plaintiff applied on July 24, 2000, to the PZC for approval of a proposed resubdivision for the purpose of extending a cul-de-sac, which was the terminus of Nunzio Drive in Southington. (Return of Record ("ROR"), Docket No. 504473, Item 1.) The PZC held public hearings on the application on August 15, 2000 and September 5, 2000. (ROR, Docket No. 504473, Items 4, 5.)
On September 5, 2000, the application was denied by the PZC. (ROR, Docket No. 504473, Item 5.) The reasons for the denial were given by a letter from the town planner to the plaintiff as follows:
 1. The roadway, Nunzio Drive, had been accepted as a permanent cul-de-sac and no stub was noted or designated for future development.
 2. Nunzio Drive was completed and accepted as a permanent cul-de-sac road.
 3. The residents had an expectation upon purchasing their property on Nunzio Drive that the character of their neighborhood would not change. Extending the roadway would change the character of the neighborhood. CT Page 8604
 4. The original developer of Nunzio Drive had no expectation of future development of Nunzio Drive and no stub was ever noted to denote any further development.
 5. There would be a safety issue at hand based upon the change in the design of the roadway.
 6. Approval would result in the future creation of a non-conforming lot on the existing portion of Nunzio Drive.
(ROR, Docket No. 504473, Item 6.) This decision was subsequently appealed.
On July 26, 2000, the plaintiff applied to the PZC for subdivision approval.
(ROR, Docket No. 504943, Item 1). On September 19, 2000, this application was denied.
(ROR, Docket No. 504943, Item 13.) An appeal followed from this denial.
The court has in the file a deed to support the standing of the plaintiff on the second appeal (the subdivision) and in any event both parties agreed that statutory aggrievement exists for this appeal. General Statutes § 8-8 (a). The PZC challenges the aggrievement of the plaintiff on the first appeal (the resubdivision, cul-de-sac issue) on the ground that the interest required in § 8-8 (a) was lacking. The plaintiff has presented evidence to the court that it has statutory aggnevement. It owns a portion of the land involved in the decision of the PZC. (Deed, Exhibit A.) Caltabiano v. Planning and ZoningCommission, 211 Conn. 662 (1989). Therefore, aggrievement is found.
The plaintiff challenges the decision of the PZC to deny the resubdivision application, which essentially asked permission to extend a cul-de-sac to give roadway access to the proposed subdivision. In reviewing this decision the PCZ's function is limited to determining "whether [an] applicant's proposed use is one [that] satisfies the standards set forth in the . . . regulations and statutes. . . ." (Citations omitted; internal quotation marks omitted.) Kaufman v. ZoningCommission, 232 Conn. 122, 150 (1995). When a PCZ denies an application and gives reasons for its action, the question on appeal to the Superior Court is whether the evidence in the record reasonably supports the agency's action. "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so CT Page 8605 long as honest judgment has been reasonably and fairly exercised after a full hearing." (Citations omitted.) Whittaker v. Zoning Board ofAppeals, 179 Conn. 650, 654 (1980).
The trial court cannot reverse an agency's decision on factual findings if there is substantial evidence in the record to support the agency's findings and conclusions. Samperi v. Inland Wetlands Agency, 226 Conn. 579
(1994); Fraenza v. Keeney, 43 Conn. Sup. 386 (1994), aff'd, 232 Conn. 401
(1995) (per curiam). The planning and zoning commission should be sustained if even one of the stated reasons is sufficient to support its decision. Property Group v. Planning and Zoning Commission, 226 Conn. 684,697 (1993); Huck v. Inland Wetlands and Watercourses Commission,203 Conn. 525, 540 (1987).
The applicable ordinance in Southington relating to a permanent cul-de-sac provides as follows: "Dead-end or cul-de-sac streets shall not, in general, exceed six hundred (600) feet in length in the R-12 or R-20/25 zone . . . and shall be constructed in accordance with the appropriate street specifications and B.R. administrative order and the standard design layout." Southington Subdivision Regs. § 3-03. The plaintiff presented a option agreement to the PZC to expand and break through the Nunzio Drive cul-de-sac to allow access to its proposed subdivision. The current cul-de-sac is 600 feet in length and the proposed cul-de-sac would be 100 feet greater. (ROR, Docket No. 504473, Item 2.)
The court finds that there is sufficient support for certain of the reasons given by the PCZ and it is not necessary to consider all the reasons given. The PCZ in its first two reasons noted that the cul-de-sac was established as "permanent" in contrast to the temporary cul-de-sac allowed under subdivision regulation § 3-04. The adjective "permanent" indicates that the cul-de-sac was to be durable, fixed, stable and lasting. Noble v. Union TP, 55 A.2d 222, 224 (N.J. 1947) (citing Webster's New International Dictionary). The PZC has exercised its "honest judgment" in finding this cul-de-sac "permanent." It was not necessary on this record for the PZC to consider under what circumstances a cul-de-sac might be changed or eliminated.
Secondly, the PZC relied upon safety factors in denying the extension. There is evidence in the record that the 600 foot maximum in the subdivision regulation was placed there to insure that emergency vehicles and residents would have safe ingress and egress on Nunzio Drive. (ROR, Docket No. 504473, Item 22, p. 10.) The layout of streets to insure safety and to eliminate hazards from traffic is clearly within the discretion of the PZC. Beckham v. State, 64 Cal.App.2d 487, 149 P.2d 296,303 (1944) (establishment of cul-de-sac); C. White Son, Inc. v. RockyCT Page 8606Hill, 181 Conn. 114, 122 (1980) (municipality has power to permit and control use of streets).
Therefore, the appeal in 504473 is dismissed. The decision to deny the actual subdivision application was made without prejudice. At the hearing in this matter on April 24, 2001, the plaintiff agreed that if the resubdivision appeal was dismissed, then there was no basis to overturn the decision in 504943. Therefore, that appeal is dismissed.
Henry S. Cohn, Judge