J-S60024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THEODORE D. PRZYBYSZEWSKI, JR. | |
| Appellant | No. 3127 EDA 2015 |

Appeal from the PCRA Order September 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0300701-1985

BEFORE: SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED AUGUST 26, 2016**

Theodore D. Przybyszewski appeals, *pro se*, from the order entered September 29, 2015, in the Court of Common Pleas of Philadelphia County, dismissing as untimely his serial petition, filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Przybyszewski seeks relief from the judgment of sentence to serve a term of life imprisonment, imposed on September 9, 1987. Przybyszewski contends his sentence is unconstitutional and illegal, and cites ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015) in support of his claim.[1] Based upon the following, we affirm on the basis of the PCRA court's sound opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Preliminarily, we note that this Court **denied** Przybyszewski's application to exceed the word count, by Order entered in this Court on December 23,
*(Footnote Continued Next Page)*

The PCRA court has aptly summarized the procedural history in its opinion, and therefore there is no need to restate the background of this case. *See* PCRA Court Opinion, 9/29/2015, at 1–3 (unnumbered).

Our standard of review is well established:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Turpin***, 87 A.3d 384 (Pa. Super. 2013) (citation omitted).

The Honorable Jeffrey P. Minehart has provided a thorough analysis in support of his dismissal of the instant PCRA petition, which we adopt as

*(Footnote Continued)* ————————

2015. Nevertheless, Przybyszewski ignored this Court's order. Przybyszewski's brief on appeal is 88 pages and appears to exceed the word limit permitted by Rule 2135(a)(1) ("principal brief shall not exceed 14,000 words"). Additionally, Przybyszewski has failed to provide the necessary certification of compliance with the word count. *See* Pa.R.A.P. 2135(d) (where a principal brief exceeds 30 pages, the party must include a certification that the brief complies with the 14,000 word count limit).

Pursuant to the Rules of Appellate Procedure, this Court has the discretion to quash or dismiss an appeal when the defects in an appellant's brief or reproduced record are substantial. *See* Pa.R.A.P. 2101. We decline the opportunity to apply Rule 2101. However, we will not consider Przybyszewski's brief beyond the thirtieth page, nor will we consider Przybyszewski's reply brief beyond the fifteenth page.

dispositive of this appeal.[2]  **See** PCRA Court Opinion, 9/29/2015, at 3–6 (unnumbered) (explaining: (1) Przybyszewski argues he is entitled to have his life sentence vacated because it was imposed pursuant to a statute of the type deemed unconstitutional in **Hopkins** (invalidating the drug-free school zone mandatory minimum sentence, 18 Pa.C.S. § 6317), based on the holding in of **Alleyne v. United States**, 133 S. Ct. 2151, 2155 (2013), wherein the United States Supreme Court held "that any fact that increases the mandatory minimum is an element [of the crime] that must be submitted to the jury"; (2) Przybyszewski's petition does not meet the exception for a newly recognized constitutional right [42 Pa.C.S. § 9545(b)(1)(iii)] because the **Hopkins** ruling is based on the holding of **Alleyne**, and in **Hopkins** the Supreme Court did not indicate that either of those decisions applies retroactively; (3) **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), made clear that claims based on **Alleyne** do not fit within the exception set forth at subsection 9545(b)(1)(iii); (4) In any event, **Alleyne** does not apply here, since Przybyszewski was sentenced pursuant to 18 Pa.C.S. § 1102(a)(1); and (5) Przybyszewski's failure to properly invoke an exception to the timeliness requirements of the PCRA

---

[2] The PCRA court did not order Przybyszewski to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

requires the PCRA court to dismiss Przybyszewski's petition).[3, 4]

Accordingly, we affirm.

      Order affirmed.[5]  All outstanding motions are denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2016

_____


[3] We add that Przybyszewski's reliance on 42 Pa.C.S. § 9545(b)(1)(ii), which provides an exception to the timeliness requirements of the PCRA where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence," also fails. Contrary to the argument of Przybyszewski, the decision in **Hopkins** did not create a new "fact" that "his sentence became unconstitutional [and] therefore illegal[.]"  Przybyszewski's Brief at 6.  Rather, in **Hopkins**, which involved a direct appeal, the Supreme Court of Pennsylvania found that pursuant to **Alleyne**, the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") was unconstitutional in its entirety. **See Hopkins**, 117 A.3d at 262.

[4] Recently, in **Commonwealth v. Washington**, ___ A.3d ___, ___, 2016 WL 3909088, at *8 (Pa. July 19, 2016), the Pennsylvania Supreme Court definitively held that "**Alleyne** does not apply retroactively to cases pending on collateral review."  The Court found that **Alleyne** did not meet the criteria for the retroactive application of a new constitutional law outlined in **Teague v. Lane**, 489 U.S. 288 (1989) (plurality).  Moreover, the Court declined to "recognize an independent state-level retroactivity jurisprudence grounded on fairness considerations."  **Id.** at ___, 2016 WL 3909088, at *7.

[5] In the event of further proceedings, the parties are directed to attached a copy of the PCRA court's September 29, 2015, opinion.

- 4 -

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA                    :

CP-51-CR-0300701-1985 Comm. v. Przybysewski Jr. Theodore
Memorandum and Order

|||||||||||||||||||||||||||||||||
7352580671

THEODORE PRZYBYSZEWSKI                          :

:   **FILED**

:   SEP 29 2015

:   Criminal Appeals Unit
    First Judicial District of PA

:

:   CP-51-CR-300701-1985

    3/27 EDA 2015

MEMORANDUM AND ORDER

MINEHART, J                                     January 8, 2014


This Court hereby dismisses the instant Post Conviction Relief Act Petition filed on

August 25, 2015 for the reasons set forth below.[1]

## I.      PROCEDURAL HISTORY

Petitioner was arrested and charged with murder and related offenses for an incident

which occurred in late December 1982. Prior to trial, a plea bargain was reached in which the

Commonwealth stated that the death penalty would not be sought in exchange for a guilty plea.

On September 9, 1987, Petitioner pled guilty to first degree murder and possession of an

instrument of crime before the Honorable George J. Ivins, and was sentenced to life

imprisonment. Petitioner moved to withdraw his guilty plea, but his motion was denied at a

hearing on September 23, 1987. Petitioner appealed the judgment of sentence, and the Superior

---

[1] This memorandum and order has been issued more than twenty days after Petitioner was served with notice of the
forthcoming dismissal of his Post Conviction Relief Act petition pursuant to Pa.R.Crim.P. 907.

Court dismissed the appeal on February 11, 1988 for failure of court appointed counsel to file a brief.

On October 19, 1988, Petitioner filed a petition under the Post Conviction Hearing Act. Counsel was appointed, and based upon submission of a "no merit" letter pursuant to *Turner/Finley*,[2] Petitioner's petition was dismissed as frivolous on October 10, 1991. Petitioner filed an appeal, and the Superior Court affirmed the dismissal on August 13, 1992. *Allocatur* was denied on April 15, 1993 by the Pennsylvania Supreme Court.

On February 15, 1995, Petitioner filed a petition pursuant to the Post Conviction Relief Act. Counsel was appointed, and after review, a "no merit" letter pursuant to *Turner/Finley* was filed. Petitioner's petition was dismissed based on *Turner/Finley* on October 26, 1995. Petitioner filed an appeal to the Superior Court, but the appeal was withdrawn and discontinued on March 20, 1996.

Petitioner filed another PCRA petition on February 3, 2010. A copious number of amended petitions and supplemental filings were thereafter submitted. After conducting an extensive and exhaustive review of the record and applicable case law, this Court determined that Petitioner's petition for post conviction collateral relief was untimely filed and dismissed it. Petitioner filed an appeal from the order denying him PCRA relief and on June 23, 2015, the Superior Court issued a memorandum and order affirming this Court's order. (Commonwealth v. Prsybyszewski, 576 EDA 2014). Petitioner did not thereafter file a petition for allowance of appeal.

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 214 (Pa. Super. 1988).

On August 25, 2015, Petitioner latest PCRA petition was filed.[3] On August 31, 2015, this Court sent Petitioner a Pa.R.Crim.P. 907 notice. Defendant thereafter filed a response to the notice. Upon reviewing Petitioner's original *pro se* petition as well as his Rule 907 response, this Court hereby dismisses his *pro se* petition because it is clear that it is untimely and that none of the three exceptions to the one year filing deadline of the PCRA applies to excuse the late filing of his pro se petition.

## II.    DISCUSSION

Petitioner argues that he is entitled to have his life sentence vacated because it was imposed pursuant to a statute of a type deemed unconstitutional by the Pennsylvania Supreme Court in Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015), wherein the Supreme Court held that the minimum sentencing statute set forth at 18 Pa.C.S. § 6317 (the drug-free school zone mandatory minimum sentencing statute), and by implication all other similarly worded mandatory sentencing provisions, is invalid in light of the holding of Alleyne v. United States, 133 S. Ct. 2151 (2013), wherein the United States Supreme Court overruled Harris v. United States, 536 U.S. 545 (2002), and held "that any fact that increases the mandatory minimum is an element [of the crime] that must be submitted to the jury." *Alleyne*, supra at 2155 (internal quotation marks omitted).

At the outset, Petitioner's conviction became final on March 15 1988, thirty days after the Superior Court dismissed his appeal.   After a conviction becomes final, a petitioner has one year to file a post conviction petition.[4] Therefore, Petitioner's most recent petition is patently untimely unless it properly invokes one of the enumerated exceptions. The three exceptions to the one-year limitation as stated in 42 Pa.C.S. §9545 (b)(1)(i)-(iii) are:

---

[3] Although Petitioner's *pro se* petition was docketed on August 25, 2015, it is clear that it was mailed on or about August 12, 2015, the date listed on the petition. Pursuant to the Prisoner Mailbox Rule, this Court considered the petition under review herein as filed on or about August 12, 2015.

[4] Because Petitioner's conviction became final before the amendments to the PCRA took effect, Petitioner had until January 16, 1997, to file a timely petition. *See Commonwealth v. Crider*, 735 A.2d 730, 732 (Pa. Super. 1998).

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

In his present petition, which was facially untimely, Petitioner has alleged a violation of a constitutional right recognized after the expiration of the one-year time-bar and which has been held by the United States or Pennsylvania Supreme Court to apply retroactively. In support of his newly recognized constitutional right claim, as noted above, Petitioner relies on *the Hopkins* case, which was decided June 15, 2015. Petitioner, who filed his most recent PCRA petition on or about August 12, 2015, raising *a Hopkins* claim, met the sixty day deadline for filing claims pursuant to the newly recognized constitutional right exception in section 9545 of the PCRA.

While Petitioner's most recent filing containing the *Hopkins* issue met the sixty day deadline because he filed his petition within sixty of June 15, 2015, the day *Hopkins* was filed, his petition was still untimely filed and properly dismissed because the *Hopkins* ruling is based on the holding of *Alleyne* and in *Hopkins*, the Supreme Court did not indicate that either of those decisions applies retroactively. In *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014), the Superior Court recently made clear that claims based upon *Alleyne* do not fit within the exception set forth subsection 9545(b)(1)(iii) because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively in cases where the judgment of sentence was final at the time *Alleyne* was decided. It does not matter that Petitioner's claim implicates the legality of his sentence, because although claims alleging that a sentence is illegal are technically not waivable, a Court may not consider them unless it has a

jurisdiction to do so. In *Commonwealth v. Seskey*, 86 A.3d 237 (Pa. Super. 2014),the Court stated that "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." Id. at 242.

Instantly, Petitioner's judgment of sentence became final in 1988, well prior to the date *Alleyne* and *Hopkins* were issued. Thus, Petitioner failed to satisfy the new constitutional right exception to the PCRA's time-bar.

Even had Petitioner's petition been timely filed no relief would have been due him because a review of the applicable law unequivocally demonstrates that *Alleyne* did not apply here. Petitioner was sentenced pursuant to 18 Pa.C.S. §1102 (a)(1), which provides that "a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree)." It is clear from the foregoing that by pleading guilty to first-degree murder petitioner provided the fact necessary for the foregoing statute to apply. Except in capital cases, the verdict itself suffices to trigger the application of the section 1102 and no finding other than the verdict itself, which is the product of a finding beyond a reasonable doubt, is necessary to impose the sentence Petitioner received as is the case with respect to the myriad statutes deemed unconstitutional under *Alleyne*. *See e.g. Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (en banc) (holding that 42 Pa.C.S § 9712.1 (sentences for certain drug offenses committed with firearms) is no longer constitutional under Alleyne because it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was

in close proximity to the drugs."); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) (extending *Alleyne* and *Newman* to Sections 9712 and 9713 of Title 42 of Purdons and holding those sections are unconstitutional because they permit automatic increase of defendant's sentence based on preponderance of evidence standard).

In sum, Petitioner's failure to properly invoke an exception to the timeliness requirements of the Post Conviction Relief Act requires this Court to dismiss Petitioner's petition.

Therefore, the following order is entered:

## ORDER

AND NOW, this 29th day of September, 2015, pursuant to 42 Pa.C.S. § 9545(b) (as amended, effective January 16, 1996), it is hereby, ORDERED AND DECREED that PETITIONER'S petition for post-conviction relief is DISMISSED AS UNTIMELY FILED.[5]

BY THE COURT,

_____
JEFFREY P. MINEHART, J.

---

[5] Petitioner may proceed *pro se* or with retained counsel; no new counsel is to be appointed.